## In re SUMMER.

District Court, E. D. New York. December 18, 1928.

No. 15150.

Wegman & Sherwood, of New York City, for petitioner.

Maurice M. Corn, of New York City, for trustee.

MOSCOWITZ, District Judge. This is a motion to confirm the report of the special commissioner, dated October 29, 1928, recommending that an order be granted vacating an order of this court dated and entered July 1, 1927, which order restrains certain insurance companies from making payment under policies of insurance covering loss caused by fire in the premises of the above-named bankrupt.

On November 1, 1926, the chattel mortgage in question was executed and delivered as security for an actual cash loan of $2,000. The chattel mortgagee then protected his interest by insurance. The mortgagee delayed in filing the chattel mortgage until January 4, 1927, a period of two months and four days after the making of said chattel mortgage. On February 2, 1927, the mortgaged property was destroyed by fire. The petition in bankruptcy was filed on May 25, 1927. There is still unpaid to the mortgagee on account of the loan secured by the chattel mortgage the sum of $1,150. The insurance fund is less than $700.

I cannot agree with the trustee's contention that the delay in the filing of the chattel mortgage renders it void as against the trustee, so that the insurance money be paid over to the trustee in bankruptcy.

A situation almost identical with that in the instant case arose in the case of In re Stucky Trucking & Rigging Co. (D. C.) 240 F. 427. In that case the referee held that both of the chattel mortgages in question were invalid, as respects the trustee representing the creditors of the bankrupt, and that neither of the mortgagees had any lien on or claim to the insurance moneys. Since the mortgagees had no right as mortgagees in respect to the chattels covered by the insurance policies, they had no claim on the insurance moneys. In reversing the referee's report the court said: "The fundamental fallacy in it seems to me to be a failure to recognize that both mortgages, as between the mortgagors and the mortgagees, were entirely valid and enforceable, as well as the nature of the contract of insurance. If the mortgages were invalid, as I shall assume, for the purposes of this argument, * * * they were so only as to creditors and the Trustee in Bankruptcy representing the latter. * * * Each mortgagee * * * had, as between it and the bankrupt, an interest by virtue of its mortgage in the property covered by the insurance policies, and therefore, as between the insurance companies, the bankrupt and the mortgagees, the latter, by terms of the policies, were entitled to any monies which became due on the policies, by reason of a fire, to the * * * amounts due on their respective mortgages. Of course, the trustee in bankruptcy has succeeded to the rights of the Bankrupt, but they, by the provisions of the policies, were postponed to those of the mortgagees. There was nothing in the policies (so far as the evidence discloses) to make the payment of any losses to the mortgagees dependent upon whether the mortgages were valid as respects creditors of the mortgagor. * * * Hence, I am unable to perceive how the mere fact that a mortgage may be invalid as to creditors can nullify the indemnity agreements between the insurance companies, the insured and the mortgagees, to which the creditors were not parties nor privies, except as respects the Bankrupt through the Trustee."

With those conclusions I am in full accord. The report of the special commissioner will be confirmed. The motion for an order vacating the order restraining the insurance companies from making payment under the policies of insurance will be granted. Settle order on notice.