## GAMBLE v. MATHIAS et al.

### No. 6704.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1932.

John W. Penn, of El Paso, Tex., for appellant.

Allen R. Grambling, Thornton Hardie, E. F. Cameron, and Harold Potash, all of El Paso, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, plaintiff below, brought his action to set aside as preferences, and to recover of appellees, the sums collected within four months on assignments of fire insurance policies made by the bankrupt more than four months prior to bankruptcy.

The petition alleged in substance that on April 11, 1931, the bankrupt, being then the owner of a business in El Paso, and having certain policies of fire insurance upon his stock and business, sustained a loss by fire which was adjusted at something over $10,-000. That on April 23, 1931, the bankrupt being then indebted to appellees, did by written indorsement on the back of the policies of insurance, as follows: "For value received, I hereby transfer, assign and set over unto and assigns, all title and interest in this policy and all advantages to be derived therefrom" assign them to appellees who delivered them to the agents of the insurance companies for collection.

That on May 11, June 5, and June 23, respectively, checks or drafts were received from the insurance companies and delivered to and taken possession of by appellees. That adjudication in bankruptcy as of September 22d followed. It was further alleged that at the date of the assignments and of the delivery to and receipt by defendants of the sums sued for the bankrupt was insolvent; that the appellees knew or had reasonable cause to believe that he was; and that the transfers would effect a preference. That at the time the assignments were executed it was the custom to issue drafts drawn by insurance companies in payment of losses, the policies on which had been assigned, in the joint names of assured and assignee, and to require their joint indorsement. That therefore, because thereof, it could not be said that the assignment of the policies was consummated until the joint indorsement of the checks or drafts.

Defendants demurred to this petition, that since it showed on its face that appellees had acquired title to the policies more than four months before bankruptcy, it made no case of preference. The demurrer sustained, plaintiff declined to amend, and from the final judgment that plaintiff take nothing, this appeal is prosecuted.

The trustee sought below, and here seeks, to make the point that though the transfer of the insurance policies in form appeared to be a present and completed transfer of the insured's interest in the policies, with nothing further required to make it effective, it was not in law and in fact completed until the money was paid under it.

Long v. Farmers' State Bank (C. C. A.) 147 F. 360, 9 L. R. A. (N. S.) 585, is relied on by appellant. Though there are general expressions in the opinion which take wider range, this case decided only that the contract there construed did not constitute an assignment in praesenti. It is authority for no more than this. Debus v. Yates (D. C.) 193 F. 427.

The District Judge took the view that the case was ruled by Radford Grocery Co. v. Powell (C. C. A.) 228 F. 1. We think he was right. That case states the settled rule of law generally prevailing, that a present assignment of an interest passes the title to it as of the date of the assignment; that moneys collected under it are the moneys not of the bankrupt, but of the assignee; and that where, under the laws of the state, such assignment is not required to be recorded, the four months within which a preference may be avoided begins to run from its date. In

Re Bird (D. C.) 180 F. 229; Lowell v. International Trust Co. (C. C. A.) 158 F. 781; In Re Chakos (C. C. A.) 24 F.(2d) 482; Tumlin v. Bryan (C. C. A.) 165 F. 166, 21 L. R. A. (N. S.) 960; Chapman v. Hunt (C. C. A.) 254 F. 768, 769. This being so, it is immaterial that, as pleaded by plaintiff, there is a custom among insurance companies for their own protection, to pay losses on assigned policies by drafts drawn to assured and assignee jointly. An unqualified indorsement like that here passes title presently, and no custom of the kind pleaded, could be effected to stay it, or in any way to enlarge the assignor's, or diminish or affect the assignee's present title to the assigned funds.

The judgment is affirmed.