**In Re Alan & Marlene MOSKOWITZ, Debtor.**

**Bankruptcy No. 81 B 20180.
Adv. No. 81–6071.**

United States Bankruptcy Court,
S. D. New York.

Aug. 21, 1981.

Sidney Turner, White Plains, N. Y., trustee.

Kelley Drye & Warren, New York City, for The Society of the New York Hospital; Robert A. Horowitz, New York City, of counsel.

## DECISION ON MOTION TO DISMISS COMPLAINT OF TRUSTEE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy commenced an adversary proceeding to recover as a preferential transfer voidable under 11 U.S.C. § 547 of the Bankruptcy Code the proceeds from a Blue Cross/Blue Shield Medical insurance policy in the sum of $4350.00 that were paid by Blue Cross/Blue Shield directly to The Society of The New York Hospital ("New York Hospital") on behalf of the debtors in this case within three months prior to the filing of their joint petition under Code § 302 on March 28, 1981. The New York Hospital moved to dismiss the trustee's complaint under Bankruptcy Rule 712 on the ground that such payment did not involve a "transfer of property of the debtor[s]" within the meaning of Code § 547 and that there was no diminution of the debtors' estate to the prejudice of their general creditors.

## TRANSFER

Code § 547(b)(1) states that a "trustee may avoid any transfer of property of the debtor ... to or for the benefit of a creditor ...". Thus, the first factor that the trustee must satisfy is proof of a "transfer." The term "transfer" is defined under Code § 101(40) to mean

"... every mode, direct or *indirect*, absolute or conditional, voluntary or *involuntary*, or disposing of or parting with prop-

erty *or with an interest in property*, including retention of title as a security interest." [Emphasis added]

Although the actual transfer of the proceeds was made by Blue Cross/Blue Shield to pay a debt owed to New York Hospital by the debtors, it is clear that the transaction involved an "indirect ... parting with property" within the meaning of Code § 101(40). Manifestly, the word "transfer" is given a very broad interpretation so as to embrace any disposition of property, directly or indirectly. *Senate Report No. 95–989*, 95th Cong.2d Sess. (1978) p. 27. See also *Durrett v. Washington National Insurance Co.*, 621 F.2d 201 (5 Cir. 1980) where it was held that the transfer of property pursuant to the foreclosure of a deed of trust by the trustee under the deed of trust to a purchaser at the foreclosure sale constituted a "transfer" by the debtor for the purpose of establishing a transfer for insufficient consideration, voidable as a fraudulent transfer under Section 67(d)(2) of the former Bankruptcy Act. 11 U.S.C. § 107(d)(2).

## PROPERTY OF THE DEBTOR

The next element that the trustee must establish under Code § 547(b)(1) is that "property of the debtor" was transferred. Under Code § 541(a)(1), a debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" and "wherever located." As in the case of the word "transfer" the Bankruptcy Code broadly defines the scope of a debtor's interest in property. Code § 541 is now more expansive than the predecessor provisions in Section 70 a of the former Bankruptcy Act, in the sense that the debtor or trustee in bankruptcy need not prove possession or constructive possession of property in order to obtain it for the benefit of the estate, as was required under *Phelps v. United States of America*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975), where the summary jurisdiction of the Bankruptcy Court was at issue.

New York Hospital's receipt of the insurance proceeds to which the debtors were

entitled is certainly no greater than the right of the Federal Government to retain such proceeds under a pre-petition levy by the Internal Revenue Service in accordance with the authority under 26 U.S.C. § 6331 *et seq.* In such case this court has held that the debtor still retained significant rights in the property levied upon so as to bring the proceeds within the pale of "property of the estate" for purposes of Code § 541. *Hudson Valley Ambulance Service, Inc.,* 11 B.R. 860 (Bkrtcy.1981). See also *Cross Electric Company, Inc. v. U. S.,* 6 B.C.D. 1348, 512 F.Supp. 511 (W.D.Va.1980); *Troy Industrial Catering Service,* 5 B.C.D. 1243, 2 B.R. 521 (Bkrtcy.E.D.Mich.1980); *In re Aurora Cord and Cable Co.,* 5 B.C.D. 1310, 2 B.R. 342 (Bkrtcy.N.D.Ill.1980); *In re Barsky,* 6 B.C.D. 1216, 6 B.R. 624 (Bkrtcy.E.D.Pa. 1980); *In re Whiting Pools,* 7 B.C.D. 658, 10 B.R. 755 (Bkrtcy.W.D.N.Y.1981); *In re Alpa Corporation,* 7 B.C.D. 791, 11 B.R. 281 (Bkrtcy.B.C.Utah 1981); *In re Bristol Convalescent Home, Inc.,* 7 B.C.D. 1151, 12 B.R. 448 (B.C.Conn.1981). Significantly, when the Federal Government exercises a pre-petition levy the debtor must employ Code § 542, which requires a turnover to the estate of the proceeds constituting "property of the estate" pursuant to the debtor's (or trustee's) statutory rights under Code § 363 to use, sell or lease "property of the estate", subject to providing "adequate protection" within the meaning of Code § 361. The debtor or trustee cannot obtain the use of the levied proceeds as a voidable preference because Code § 547(c)(6) expressly excludes from the preference category statutory liens that are not avoidable under Code § 545. Had Code § 547(c)(6) not excluded the I.R.S. levies (which are statutory liens not avoidable under Code § 545) from the preference provisions, a debtor would not have to resort to Code §§ 541 and 542 in order to obtain the use of funds levied upon within ninety days of the petition and would therefore not be obliged to furnish "adequate protection", as required under Code § 363, which is incorporated by reference in Code § 542.

■ It therefore follows that when a trustee in bankruptcy seeks to obtain "prop-erty of the estate" which is not subject to a statutory lien, Code § 547(c)(6) is no bar if all of the elements of a voidable preference are present. In such case the trustee is in a stronger position because the concept of "adequate protection" is not involved under Code § 547 as it is under Code § 542.

## DIMINUTION OF THE ESTATE

■ New York Hospital also argues that the payment to it by Blue Cross/Blue Shield did not in any way diminish or deplete the value of the estate. There is no question that where property taken by the creditors is not the property of the debtor and the transfer does not deplete the debtor's assets, there is no preference. See *National Bank of Newport v. National Herkimer County Bank,* 225 U.S. 178, 32 S.Ct. 633, 56 L.Ed. 1042 (1912) where payment to a creditor was made by an indorser out of his own funds so that the creditor did not receive a preference from the debtor. Similarly, a loan by a third party to a bankrupt which is paid directly to the bankrupt's creditor is not considered a transfer of the bankrupt's property where the lender designates the recipient of the funds, because the funds were not potentially available to the bankrupt's creditors. See *Miller v. Wells Fargo Bank International Corp.,* 406 F.Supp. 452 (S.D.N.Y.1975), aff'd. 540 F.2d 548 (2d Cir. 1976). The same principle was applied in *Hoffer v. Marine Midland Trust Company of New York,* 294 F.Supp. 187 (S.D.N.Y.1968), where a guarantor of a note made by a bankrupt obtained a loan from the payee of the note for the purpose of enabling the bankrupt to pay its debt to the payee and thereby substitute the guarantor for the payee as the bankrupt's creditor. The court found that neither the guarantor nor the bankrupt maker would ever have received the money if it had not been agreed that it was to be turned over to the payee. The effect of the transaction was the same as if the guarantor had taken up the note as he was obliged to do in the event of default and thereby became subrogated to the payee's rights against the bankrupt. See also *Grubb v. General Con-*

*tract Purchase Corporation*, 18 F.Supp. 680 (S.D.N.Y.1937), *aff'd.* 94 F.2d 70 (2d Cir. 1938), where the District Court said at page 682:

"The result is the same where the payment to the creditor is made by one who has been persuaded by the insolvent debtor to loan him money for the specific purpose of paying off that particular creditor. Here again it makes no difference whether the proceeds of the new loan are transferred directly from the new creditor to the old creditor, or whether the proceeds are paid to the debtor on the understanding that he will turn them over to the old creditor in extinguishment of the old claim. *Crosby v. Packer*, 22 F.(2d) 611 (C.C.A.1 [1927]). See, also, *In re Zaferis Bros. & Co.*, supra, 67 F.(2d) 140 [9th Cir. 1933] at page 141. The assets of the debtor have not been diminished nor have his liabilities been increased. The effect has been simply a substitution of a new creditor for an old one."

■ In the instant case, the effect of the payment by Blue Cross/Blue Shield to New York Hospital was not simply the substitution of a new creditor for an old one. Blue Cross/Blue Shield was not a creditor of the debtors; it owed the debtors the insurance proceeds under the medical insurance contract with respect to which consideration had been received previously in the form of premiums. The payment by Blue Cross/Blue Shield to New York Hospital did not result in Blue Cross/Blue Shield becoming a creditor in place of New York Hospital. Quite to the contrary, since the proceeds which Blue Cross/Blue Shield contractually owed to the debtors as medical insurance constituted "property of the estate", the payment of these proceeds to New York Hospital clearly diminished the assets of the estate to the extent of the payment.

■ New York Hospital reasons that even if Blue Cross/Blue Shield had paid the $4350.00 to the debtors for their subsequent payment to New York Hospital, the $4350.00 would not constitute "property of

the estate", quoting 4 *Collier on Bankruptcy* ¶ 541.01, p. 541–7 as follows:

"Section 541 will not apply in those instances where property which ostensibly belongs to the debtor is, in reality, held by the debtor in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance and the insurance company had sent payment of the bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in constructive trust for the person to whom the bill was owed. The payment would not, therefore, become property of the estate pursuant to section 541."

This quotation relies upon language contained in the legislative history found in *House Report No. 595*, 95th Cong., 1st Sess. 367–8 (1977); *Senate Report No. 989*, 95th Cong., 2d Sess. 82–3 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. While under certain circumstances the quotation from *Collier on Bankruptcy* may be correct, the language is too broad because it assumes certain unexpressed facts. If the facts reveal that the debtors previously assigned the insurance proceeds to New York Hospital then, of course, any payment to the debtors might be held by them in a fiduciary capacity and under a constructive trust so as not to constitute property of the estate. See *Gamble v. Mathias*, 61 F.2d 911 (5 Cir. 1932); *In re Summer*, 35 F.2d 930 (E.D. N.Y.1928). Whether or not a trust will be imposed in a bankruptcy proceeding is governed by state law. *Elliott v. Bumb*, 356 F.2d 749, 753 (9 Cir. 1966), cert. denied, 385 U.S. 829, 87 S.Ct. 67, 17 L.Ed.2d 66 (1966); *In re Esgro, Inc.*, 645 F.2d 794, 797 (9 Cir. 1981). Absent any assignment of the proceeds by the debtors or any designation that the medical insurance proceeds should be paid directly to New York Hospital, or some additional facts as would support a constructive trust under applicable state law, this court would be hard pressed to accept the categorical statement in *Collier on Bankruptcy* that medical insurance proceeds received by a debtor before the debtor

paid the medical bill "would actually be held in constructive trust for the person to whom the bill was owed."

Suffice it to say that the evidence with respect to the medical insurance contract and New York Hospital's right to receive the proceeds will have to await another day, either at trial or perhaps in connection with a motion for summary judgment. However, in so far as the motion to dismiss the trustee's complaint for legal insufficiency is concerned, it is apparent that the trustee's complaint, bottomed on the theory of a voidable preference under Code § 547, states a claim upon which relief can be granted.

Accordingly, New York Hospital's motion to dismiss the complaint is denied.

IT IS SO ORDERED.