In re E. C. ERNST, INC., E. C. Ernst Midwest, Inc., E. C. Ernst International Corp., Debtors.

E. C. ERNST, INC., Plaintiff,

v.

GRUMMAN ECOSYSTEMS CORPORATION,
Defendant.

Arrangement No. 78 B 2139.

United States Bankruptcy Court, S. D. New York.

Sept. 22, 1982.

12. As per the survival of damages covenant in the Lease.

Shea & Gould and Friedman & Gass, New York City, for debtors.

Layton & Sherman, New York City, for defendant.

## DECISION ON MOTION TO STRIKE ANSWER OF GRUMMAN ECOSYSTEMS CORPORATION

EDWARD J. RYAN, Bankruptcy Judge.

On December 1, 1978, E. C. Ernst, Inc., E. C. Ernst Midwest, Inc., and E. C. Ernst International Corp. ("Ernst") filed petitions in proceedings for an arrangement. Soon thereafter Ernst initiated an adversary proceeding against Grumman Ecosystems Corporation ("Grumman") alleging a breach of contract. Grumman counterclaimed against Ernst on the alleged breach.

Grumman and Ernst entered into the abovementioned contract prior to the date of Ernst's petition herein. Grumman, as general contractor, engaged Ernst, as subcontractor to Grumman, to perform the electrical portion of a wastewater treatment plant project (the "project"). Grumman engaged Manzi Electric Company of Lawrence, Massachusetts ("Manzi") for the completion of the electrical work left unfinished by Ernst. Grumman alleges that, in late 1979, it engaged Perini Corporation ("Perini") to act as its construction manager on the project, while Grumman remained as the general contractor.

On December 16, 1981, Ernst filed the within motion pursuant to Rule 737 of the Rules of Bankruptcy Procedure and Rule 37 of the Federal Rules of Civil Procedure alleging, *inter alia,* that Grumman and its counsel had improperly interfered with Ernst's lawful attempts to obtain discovery.[1] Consequently, Ernst seeks to have Grumman's answer to the complaint striken or alternatively to have Grumman produce certain documents.

■ The sanction provisions of Rule 37 of the Federal Rules of Civil Procedure apply to orders issued by the court.

■ A subpoena is not a court order. Therefore, Ernst has no support under Rule 37 of the Federal Rules of Civil Procedure for striking Grumman's answer to the complaint for the latter's alleged interference with discovery process. *In re Moskowitz,* 15 B.R. 790, 793 (Bkrtcy.S.D.N.Y.1981).

Ernst's request to strike Grumman's answer to the complaint, if granted, must come from the power of the bankruptcy court, pursuant to 11 U.S.C. § 105(a), to issue any order that is necessary or appropriate to carry out the provisions of this title.

With respect to the alleged interference with the subpoena directed to Perini, it is Grumman's position that from late 1979 through mid-1981 Perini maintained all of Grumman's job-site records in Virginia on behalf of Grumman; that, thereafter, those records have been housed on Perini's premises in Massachusetts; that Grumman informed Ernst that most of Grumman's records concerning the project were at the offices of Perini. Throughout this proceeding it has been Grumman's position that the files warehoused by Perini belong to Grumman.

1. According to Ernst, Grumman improperly interfered with the former's attempts to obtain discovery from two non-party witnesses, Perini and Manzi, and wrongfully induced Perini and Manzi to violate lawful subpoenas issued to them.

With respect to the alleged interference with the subpoena directed to Manzi, it is Grumman's position that Grumman did not have anything to do with Manzi's compliance or non-compliance; that Manzi had delivered to Perini and Grumman most of its files concerning the project prior to the filing of Grumman's claim in the Ernst proceeding so that Grumman could calculate and document its claim; that copies of these former Manzi documents were included among the documents produced to Ernst by Grumman in November, 1981; and that when Grumman learned on the day preceding the Manzi document production that Manzi had not retained copies of these files, Grumman immediately conveyed that information to Ernst.

The questions of fact raised herein include whether the documents requested by the subpoenas were actually maintained and housed at the business offices of Perini and Manzi, and whether Grumman had a personal right or privilege to the documents requested in the subpoenas directed to Perini and Manzi. An evidentiary hearing wherein testimony can be adduced concerning the contractual relationship between Grumman and Perini and Manzi as well as their business practice and communications concerning the warehousing of Grumman's files and the nature of those files is required in order to resolve the above-mentioned issues.

Therefore, at this time, Ernst's motion to strike Grumman's answer is held in abeyance pending an evidentiary hearing on the within issues of fact and the presentation and resolution of the question whether 11 U.S.C. § 105(a) applies.

Settle an appropriate order.