## In re MARKETING RESOURCES INTERNATIONAL CORP. (formerly PTC Marketing Services Corp.), Debtor.

## MARKETING RESOURCES INTERNATIONAL CORP., Plaintiff,

v.

## PTC CORPORATION, Defendant.

### Bankruptcy No. 83–01437G.
### Adv. No. 83–2028G.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 13, 1984.

William H. Ewing, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., for debtor/plaintiff, Marketing Resources Intern. Corp. (formerly PTC Marketing Services Corp.)

Matthew J. Siembieda, Andrew D. Bershad, Philadelphia, Pa., for defendant, PTC Corp.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue in the dispute at hand is whether we should amend our judgment of June 27, 1984, 41 B.R. 575, and the accompanying opinion, whereby we denied the debtor's complaint for avoidance of an alleged preferential transfer. For the reasons expressed below, we will grant the motion in part, and deny it in part.

The facts of this case, as well as those of two related cases were extensively outlined in our original opinion and will not be reiterated here, but for the salient facts on the issue under reconsideration:[1] Prior to the debtor's existence, PTC Corporation ("PTC") instituted suit against International Business Machines, Inc. ("IBM"). Shortly thereafter a portion of PTC's business was "spun-off" into a separate corporation denominated as Marketing Resources International Corp., which is the debtor in

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

this proceeding. As part of the terms of the separation between PTC and the debtor, both agreed that any proceeds from the action against IBM would be split between them according to a designated formula. IBM disbursed a significant sum of money to PTC in settlement of that suit, but PTC failed to forward the debtor its share of the settlement fund. The debtor instituted the adversary action at bench in which it seeks to avoid under 11 U.S.C. § 547(b) IBM's transfer of the debtor's interest in the settlement fund to PTC. In our opinion of June 27 we denied the debtor's complaint and held that it could not prevail since § 547(b) only authorizes the avoidance of transfers of property of the debtor. In its motion for amendment of its judgment the debtor requests that we rule that the property transferred was property of the estate and that we enter judgment in its behalf.[2]

The debtor asserts that we should entertain the motion for amendment of the judgment since we predicated our holding on matters which were never briefed by the parties. As PTC aptly states, the debtor discusses the issue under reconsideration from pages 16 to 19 of its reply brief under the heading "The IMB Case Proceeds Were Property of the Debtor." PTC likewise addressed the issue under the caption "The Settlement Proceeds Never Became Property of the Debtor's Estate."[3] Although the parties previously addressed the basis on which our holding was predicated, we will address the merits of the debtor's contentions.

 The section of the Bankruptcy Code ("the Code") at issue, § 547(b), states, as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made.

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

As stated above, § 547(b) only authorizes the avoidance of "transfer[s] of property of the debtor." In the case at bench the money transferred by IBM was its own and not "property of the debtor." As we stated in our June 27 opinion:

The terms of § 547(b) indicate that IBM's payment of funds to PTC is not avoidable since this provision is only directed at "transfer[s] of property of the debtor." IBM's payment by check or cash to PTC utilized IBM's own funds and, as such, the debtor had no property interest in the money. Due to the liquidity and fungibility of money, only in limited circumstances does an entity have a

---

**2.** The debtor has also requested that we amend one of our findings of fact from our June 27 opinion. The alleged error is that, "The debtor agreed, that if the loan was obtained, it would pay the proceeds to PTC in cancellation of the $150,000.00 note." 41 B.R. at 576. We will amend the opinion to delete the quoted sentence and in lieu thereof we will insert the following: "The debtor agreed that, if the loan was ob-

tained, it would use such loan to satisfy its line of credit with Continental."

**3.** The caption of the heading probably should have read "The Settlement Proceeds Never Became Property of the *Debtor*." (Emphasis added). Post-Trial Brief of Defendants PTC Corporation and Francis A. Cerchiaro, pp. 24–26.

property interest in specific money held by another legal entity. The mere obligation to pay on a debt does not give the creditor property rights in any of the funds of his debtor. Consequently, the debtor did not have a property interest in the money which was transferred to PTC. Our thoughts on this matter would be subject to change if the transferor were not an independent party but rather an employee or agent of the debtor.

P. 578. The result reached by us is squarely in accord with the precedents of the United States Supreme Court. *National Bank of Newport v. National Herkimer County Bank,* 225 U.S. 178, 32 S.Ct. 633, 56 L.Ed. 1042 (1912). In *Newport,* prior to bankruptcy the debtor gave its promissory note to "a corporation known as the Titus Sheard Company" ("Titus"). Titus sold the note at discount to its bank, National Herkimer County Bank ("Herkimer"). Within the four month preference period under § 60 [4] of the Bankruptcy Act of 1898, Titus repurchased the note on its own behalf. The amount paid was then charged by it to the debtor to which it was indebted on open account in a larger sum. The trustee commenced suit under § 60, alleging that Titus' disbursement of funds to Herkimer constituted a preference. In language quoted below [5] the court concluded that the debtor "parted with nothing" and consequently held that the trustee had failed to state a cause of action under § 60 since no property of the estate was transferred. Similarly in the case at bench nothing

**4.** Section 60 was the precursor of § 547(b), and for the purposes of our discussion essentially parallels § 547(b).

**5.** To constitute a preference, it is not necessary that the transfer be made directly to the creditor. It may be made to another for his benefit. If the bankrupt has made a transfer of his property, the effect of which is to enable one of his creditors to obtain a greater percentage of his debt than another creditor of the same class, circuity of arrangement will not avail to save it.... It is not the mere form or method of the transaction that the act condemns, but the appropriation by the insolvent debtor of a portion of his property to the payment of a creditor's claim, so that thereby the estate is depleted and the creditor obtains an advantage over other creditors. The "accounts receivable" of the debtor, that is, the amounts owing to him on open account, are of course as susceptible of preferential disposition as other property; and if an insolvent debtor arranges to pay a favored creditor through the disposition of such an account, to the depletion of his estate, it must be regarded as equally a preference whether he procures the payment to be made on his behalf by the debtor in the account—the same to constitute a payment in whole or part of the latter's debt—or he collects the amount and pays it over to his creditor directly. This implies that, in the former case, the debtor in the account, for the purpose of the preferential payment, is acting as the representative of the insolvent and is simply complying with the directions of the latter in paying the money to his creditor.

But, unless the creditor takes by virtue of a disposition by the insolvent debtor of his property for the creditor's benefit, so that the estate of the debtor is thereby diminished, the creditor cannot be charged with receiving a preference by transfer. *Western Tie & Timber Company v. Brown,* 196 U.S. 502, 509, 25 S.Ct. 339, 341, 49 L.Ed. 571; *Rector v. City Deposit Bank,* 200 U.S. 405, 419, 26 S.Ct. 289, 293, 50 L.Ed. 527. "These transfers of property, amounting to preferences, contemplate the parting with the bankrupt's property for the benefit of the creditor and the consequent diminution of the bankrupt's estate." *N.Y. County Bank v. Massey,* 192 U.S. 138, 147, 24 S.Ct. 199, 201, 48 L.Ed. 380.

Here, the payment to the bank did not proceed from the bankrupt, the Newport Knitting Company. The Titus Sheard Company had a standing quite apart from its relation to the Newport Knitting Company as a debtor in the account. In the transaction with the bank, the Titus Sheard Company acted on its own behalf. As the holder of the original note, that company had endorsed it to the bank, taking for its own benefit the proceeds of the discount. Its obligation as endorser was continued by the renewals, and to secure the bank on the last renewal it had deposited its own collateral. It took up the note with its own funds and received back the security. Neither directly nor indirectly was this payment to the bank made by the Newport Knitting Company, and the property of that company was not thereby depleted.

The fact then is not, as it is contended, that "the bankrupt parted with property to the amount of the note and the bank received it," but rather that the bankrupt parted with nothing, and the bank received the money of the endorser and redelivered to the endorser the paper and collateral.

passed from the debtor to PTC. The only value that passed flowed from IBM to PTC.

In urging an amendment to the judgment the debtor cites *Young v. Nadelson Displays, Inc.* (In Re Lucasa International, Ltd.), 14 B.R. 980 (Bankr.S.D.N.Y.1981). Acting on a levy issued in favor of a judgment creditor, the sheriff in *Lucasa* levied on goods which the debtor was selling to a third party. The sheriff authorized the release of the goods to the third party only after it paid him funds sufficient to cover the levy. The trustee ultimately commenced and prevailed in a preference action against the judgment creditor due in part to the fact that the money given up to the sheriff was the debtor's. This result is proper since the levy on the goods apparently attached while the debtor still owned them. We agree in the result reached in *Lucasa,* but find that it is inapposite to the case at bench.

The debtor also relies on *In Re Moskowitz,* 13 B.R. 357, (Bankr.S.D.N.Y.1981), *application for interlocutory appeal denied* 14 B.R. 307 (D.C.S.D.N.Y.1981), *resolution of merits* at 14 B.R. 677 (Bankr.S.D.N.Y. 1981), in which the court addressed the defendant's motion to dismiss the trustee's complaint which sought to avoid a transfer of funds made by that debtor's insurer, Blue Cross/Blue Shield to a hospital in satisfaction of an obligation of the debtor. The court denied the motion since it did not then appear that the insurer was justified in making the payment directly to the hospital. The court stated that the insurance payment was ostensibly property of the estate. 13 B.R. 360. Although not articulated, the court's apparent basis for denying the motion to dismiss was that the hospital was apparently a stranger to the insurance obligation between Blue Cross/Blue Shield and the debtor. In the absence of an assignment or some similar device the insurer would have been under a legal obligation to tender payment to the debtor rather than to the hospital directly. With the denial of the motion the case ultimately went to trial and the court denied the complaint on finding that the debtor had executed a valid assignment of its entitlement to the insurance money more than ninety days prior to the filing of the petition. 14 B.R. 677.

We do not disagree with the result in *Moskowitz* but find it inapposite to the case at bench. Although the insurance payment was ostensibly paid to a stranger to the obligation between Blue Cross/Blue Shield and the debtor, in the case at bench the payment on the obligation was made to the obligee, namely PTC. The debtor's interest in the payment is only derivative of PTC's interest and from IBM's perspective the debtor would be a stranger to the obligation between IBM and PTC.

The last case cited by the debtor in support of its position is *Cohen v. Kern* (In Re Kennesaw Mint, Inc.), 32 B.R. 799 (Bankr. N.D.Ga.1983), in which the court granted the trustee's motion for summary judgment on a complaint brought under § 547(b). Apparently viewing the question solely as a factual one, the court concluded, on the basis of affidavits, that payments made by a third party to the defendant, were property of the estate where such payments represented funds owed by the debtor to the third party. Since the court resolved the issue as a question of fact based on the averments before it, rather than through adjudication as a question of law, *Kennesaw* is of minimal precedential value, particularly in light of contrary authority on the question of law from the United States Supreme Court. *Newport, supra.*

On the debtor's motion for amendments of the judgment, we will modify one of the findings of fact, but in all other respects the motion will be denied.

## ORDER

AND NOW, to wit, this 13th day of August, 1984, it is

ORDERED that on the debtor's motion for amendment of the order and opinion entered on June 27, 1984, be GRANTED only in that the following language is inserted in lieu of the second full sentence on page 4 of our slip opinion: "The debtor

agreed that if the loan were obtained, it would use such loan to satisfy its line of credit with Continental." And it is further

ORDERED that in all other respects the motion for amendment of the judgment be, and the same hereby is, DENIED.