In re **HAYES LEMMERZ INTERNATIONAL, INC.,** et al., Debtors.

**HLI Creditor Trust Plaintiff,**

v.

**Hyundai Motor Company d/b/a Hyundai Motor Co. Ltd Machine Defendant.**

**Bankruptcy No. 01–11490 (MFW).**
**Adversary No. 03–56978.**

United States Bankruptcy Court, D. Delaware.

Aug. 25, 2005.

Robert J. Stearn, Jr., Esquire, Richards, Layton & Finger, P.A., Wilmington, DE, for the Defendant.

John Y. Lee, Esquire, McGuire Woods LLP, Chicago, IL, for the Defendant.

Linda Richenderfer, Esquire, Saul Ewing LLP, Wilmington, DE, for the Plaintiff.

John S. Delnero, Esquire, Bell, Boyd & Lloyd LLC, Chicago, IL, for the Plaintiff.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court are the Cross Motions for Summary Judgment filed by HLI Creditor Trust (the "Plaintiff") and Hyundai Motor Company (the "Defendant"). For the reasons set forth below, the Court will deny both Motions.

## II. *FACTUAL BACKGROUND*

On December 5, 2001, Hayes Lemmerz International Inc., and several of its affiliates (the "Debtors"), filed voluntary petitions for relief under chapter 11. Prior to the petition, the Debtors manufactured and sold wheel and brake components for commercial vehicles. As part of their business, the Debtors purchased machines from the Defendant. On June 29, 2001, the Debtors ordered two machines from the Defendant for the total price of $469,192.00. Under the terms of the purchase order, the Debtors agreed to make the following installment payments: 1) a 20% down payment of $93,838.40; 2) a 20% payment of $93,838.40 upon delivery; and 3) a 60% payment of $281,515.20 by February 5, 2002.

On October 6, 2001, the Defendant shipped the machines from South Korea. The machines arrived at a port in Long Beach, California on October 15, 2001. The Debtors were required to present certain documentation [2] to port officials in order to take possession of the machines. The documents were mailed to the Debtors via next-day delivery on October 16 or 17, 2001. The Plaintiff asserts that the Debtors took possession of the machines no later than October 22, 2001.

The Debtors sent a check for $93,838.40, via international mail, to the Defendant between October 16 and 19, 2001. The Defendant received the check on October 23, 2001, and deposited the check the following day, October 24, 2001.

The Debtors, through their Plan of Reorganization, created the Plaintiff to prosecute avoidance actions on behalf of the estate. On October 16, 2003, the Plaintiff filed a complaint against the Defendant seeking to avoid the payment received by the Defendant on October 23, 2001, as a preferential transfer. On December 26, 2003, the Defendant filed an Answer to the Plaintiff's Complaint raising several affirmative defenses.

On February 22, 2005, the Defendant filed a Motion for Summary Judgment, arguing that judgment should be granted in its favor because the transfer constituted a contemporaneous exchange under section 547(c)(1). On March 14, 2005, the Plaintiff filed a Response and Cross Motion for Summary Judgment. The Motions have been fully briefed and are ripe for decision.

## II. *JURISDICTION*

This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 157(b)(2)(G).

## III. *DISCUSSION*

### A. *Standard of Review*

A court may grant summary judgment where no genuine issue of material fact is present and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

**2.** The documents include the original bill of lading, the commercial invoice, and the packing list.

U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To succeed, the moving party must establish that these requirements have been met. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. A court must draw all inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The burden on the non-moving party is to come forward with evidence that there is a genuine issue of material fact. *Id.* at 249, 106 S.Ct. 2505. To do so, the non-moving party need only show that reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party cannot rely solely on allegations made in its pleadings. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . . ."). Instead, it must present evidence to support its contentions. *Id.* (identifying affidavits, depositions, answers to interrogatories, and admissions on file, which designate "specific facts showing that there is a genuine issue for trial.").

## B. *The Defendant's Motion for Summary Judgment*

The Defendant asserts in its motion that the transfer is exempt from avoidance under section 547(c)(1). Under that defense, a transfer may not be avoided to the extent it (A) was intended by the debtor and the creditor to be a contemporaneous exchange for new value given to the debtor;

and (B) was, in fact, a substantially contemporaneous exchange. 11 U.S.C. § 547(c)(1). *See also, Hechinger Inv. Co. of Del. v. Universal Forest Prods., Inc. (In re Hechinger Inv. Co. of Del.),* 2004 WL 3113718, *7–8, 2004 Bankr.LEXIS 2156 at *12–13 (Bankr.D.Del. Dec. 14, 2004); *Harbour v. ABX Enters. (In re APS Holding Corp.),* 282 B.R. 795, 801 (Bankr.D.Del. 2002). The defendant has the burden of establishing both elements. 11 U.S.C. § 547(g).

### 1. *The Parties' Intent*

The parties dispute whether the exchange was intended to be contemporaneous. The Defendant asserts that the terms of the purchase order and the parties' conduct establishes the intent requirement. The Defendant submitted copies of the following documents to establish that the parties intended a substantially contemporaneous exchange: (1) the purchase order; (2) the Defendant's invoice for the disputed transfer; (3) the check used to make the disputed transfer; (3) the commercial invoice for the machines; and (4) the packing list. All those documents stated that 20% of the total purchase price was due upon delivery of the machines.

The Plaintiff disagrees. It contends that the parties intended to create a credit transaction, and therefore the transfer is not subject to section 547(c)(1). The Plaintiff argues that, had the parties intended to create a substantially contemporaneous exchange, they would have structured the transaction so that the Defendant received payment prior to or at the time of shipment.[3]

---

3. The Plaintiff also relies on the fact that the Defendant received the Debtors' check seventeen days after the Defendant shipped the machines. (The Defendant shipped the machines on October 6, 2001, and the check was received by the Defendant on October 23, 2001.) However, the shipment date is irrelevant. The payment was due on delivery, not on shipment.

■ The fact that the parties could have made a prior or contemporaneous exchange is irrelevant; section 547(c)(1) is to insulate payments that the parties intended to be contemporaneous but were not. Further, the mere fact that the payment was made by check does not mean that the parties did not intend the exchange to be contemporaneous.

Normally, a check is a credit transaction. However, for the purposes of [section 547(c)(1)], a transfer involving a check is considered to be "intended to be contemporaneous," and if the check is presented for payment in the normal course of affairs, which the Uniform Commercial Code specifies as 30 days... that will amount to a transfer that is "in fact substantially contemporaneous."

S.Rep. No. 95–989, at 88 (1978); H.R.Rep. No. 95–595, at 373 (1977).

■ The critical inquiry is whether the parties intended the transaction to be substantially contemporaneous. *Harbour*, 282 B.R. at 800 (citations omitted). The Defendant submitted evidence to support a finding that the payment was due upon delivery of the machines. This is sufficient to establish that the parties intended to create a substantially contemporaneous exchange. *See, e.g., Computer Personalities Sys., Inc. v. Aspect Computer*, 320 B.R. 812, 818 (E.D.Pa.2005) (holding that to establish intent "there must be some manifest desire by the parties of a contemporaneous exchange for new value to sustain a finding of intent.") (citations omitted). The Plaintiff's mere statement that there was no intent for the exchange to be substantially contemporaneous is insufficient

to rebut this evidence. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

### 2. *Substantially Contemporaneous*

■ Courts use two approaches to determine whether a transaction is, in fact, substantially contemporaneous. Some courts follow a strict 10–day rule, adopted from section 547(e)(2).[4] *See, e.g., Ray v. Sec. Mut. Fin. Corp. (In re Arnett)*, 731 F.2d 358, 363 (6th Cir.1984) (holding that, for purposes of perfection of a security interest, section 547(c)(1) must incorporate the 10 day perfection rule of section 547(e)(2)). The majority of courts, however, follow a less rigid approach by examining the totality of circumstances in the case. *Lindquist v. Dorholt (In re Dorholt, Inc.)*, 224 F.3d 871, 874 (8th Cir.2000) (finding that perfection of security interest within 16 days was substantially contemporaneous). Relevant circumstances include: (1) the length of delay, (2) the reason for the delay, (3) the nature of the transaction, (4) the intentions of the parties, and (5) the possible risk of fraud. *Pine Top Ins. Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 969 F.2d 321, 328 (7th Cir.1992) (citations omitted).

■ Critical to the Court's analysis under the flexible approach in this case is the time between when the Debtors took possession of the machines and when the check was delivered.[5] The Defendant failed to provide evidence on these points. Accordingly, the Court lacks the essential ingredients to the contemporaneousness stew. Without them, the Court can not grant summary judgment, as the moving party has the initial burden of showing that it is entitled to relief. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. Thus, the

---

4. Section 547(e)(2) provides that a transfer is made at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected within 10 days.

5. For purposes of section 547(c)(1), courts have held that payment by a check that is not postdated is effective on the date the check is delivered. *Staff Builders of Phila., Inc. v. Koschitzki*, 989 F.2d 692, 695 (3d Cir.1993).

Court will deny the Defendant's Motion for summary judgment.

### C. *The Plaintiff's Motion for Summary Judgment*

■ The Plaintiff contends that the transfer is a voidable preference under section 547(b). The Defendant does not dispute that Plaintiff has proved several of the elements of section 547(b).[6] Instead, it disputes that the transfer was made on account of an antecedent debt and involved property of the Debtors.

■ Under section 547(b)(2), the transfer must be "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). Although "antecedent" is not defined in the Bankruptcy Code, "a debt is 'antecedent' when the debtor becomes legally bound to pay before the transfer is made." *The Fonda Group, Inc. v. Marcus Travel (In re The Fonda Group, Inc.),* 108 B.R. 956, 959 (Bankr.D.N.J.1989). Therefore, it is necessary to determine both when the Debtors became legally bound to pay and when the transfer occurred.

■ In this case, the Debtors became legally bound to pay on the day they signed the purchase order for the machines. *Laws v. United Mo. Bank of Kansas City, N.A.,* 98 F.3d 1047, 1049–51 (8th Cir.1996).[7] That date was June 29, 2001.

■ For purposes of section 547(b), a check is deemed transferred on the date the check is honored by the drawee bank. *Barnhill v. Johnson,* 503 U.S. 393, 394–95, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). In this case, the check was deposited on October 24, 2001, which is thus the earliest date

that the transfer could have occurred. Therefore, the payment was on an antecedent debt.

The Defendant also argues that the property transferred was not an interest of the Debtors because the check they received bears the name "CMI–Texas, Inc." The Plaintiff responds that "CMI–Texas, Inc." is a former name of one of the Debtors. The Plaintiff relies on the voluntary petition, which lists "CMI–Texas, Inc." as a name used by the Debtors within the last six years, to establish this fact.

■ In order to be a preference under section 547(b), the transfer must involve an "interest of the debtor in property." 11 U.S.C. § 547(b). Thus, the use of another entity's property to pay a creditor of the debtor cannot be a preference. *See Mktg Res. Int'l Corp. v. PTC Corp. (In re Mktg. Res. Int'l Corp.),* 41 B.R. 580, 581 (Bankr. E.D.Pa.1984). While the Bankruptcy Code does not define "interest of the debtor in property," the Supreme Court has interpreted the phrase to mean "property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings." *Begier v. IRS,* 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). Under section 541, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541.

In this case, a genuine issue of material fact exists as to the Debtors' legal or equitable interest in the property transferred to the Defendant. The Plaintiff's reliance on the petition, which simply lists CMI–Texas as a name the Debtors used in the

---

**6.** Sections 547(b)(1), (b)(3), (b)(4), and (b)(5).

**7.** Although the second payment was not due until delivery, the Debtors became legally obligated to pay the purchase price of the machines when they ordered them subject only to the satisfaction of the condition precedent

that the machines be delivered. *See, e.g., Diffusion Finance S.A.R.L. v. Smith,* 1997 WL 272391 *2–4 (S.D.N.Y.1997) (holding that contract was formed when offer was accepted, though performance was excused by failure of condition precedent).

last six years, is insufficient to establish this point. The Plaintiff did not submit any evidence that the disputed transfer diminished the Debtors' estate. *Hansen v. MacDonald Meat Co. (In re Kemp Pac. Fisheries, Inc.),* 16 F.3d 313, 316 (9th Cir. 1994) (a transfer of the debtor's property occurs where the transfer "diminish[es] directly or indirectly the fund to which creditors of the same class can legally resort for the payment of their debts . . . .") (quoting 4 *Collier on Bankruptcy,* ¶ 547.03 at 547–26). This is an essential element of section 547(b), thus it is a material fact. *Am. Metrocomm Corp. v. Duane Morris & Heckscher LLP (In re Am. Metrocomm Corp.),* 274 B.R. 641, 649 (Bankr.D.Del. 2002) (holding that a fact which could resolve the case is material). Therefore, a genuine issue of material fact exists, and the Court cannot grant summary judgment in favor of the Plaintiff.

## IV. *CONCLUSION*

For the reasons set forth above, the Court will deny both Motions.