Robert S. HIRSCH and Bernard P. Weiner, Appellants,

v.

Irving L. WHARTON, as Trustee in Reorganization under Chapter X of the Bankruptcy Act, of Continental Vending Machine Corp., Appellee.

In the Matter of CONTINENTAL VENDING MACHINE CORP., Debtor.

No. 317, Docket 29300.

United States Court of Appeals Second Circuit.

Argued Jan. 27, 1965.

Decided April 6, 1965.

■■■■■■■
■■■■

———◆———

Bernard A. Saslow, New York City, (Lynton, Klein, Opton & Saslow, New York City, on the brief), for appellant Hirsch.

Alvin M. Stein, New York City, (Parker, Chapin & Flattau, New York City, on the brief), for appellant Weiner.

John P. Campbell, New York City, (Curtis, Mallet-Prevost, Colt & Mosle, David W. Kahn, William M. Kahn, Oscar Garcia-Rivera, Michael A. Schwind, Arthur W. Rovine, New York City, and Ernest Stein, on the brief), for appellee.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

SMITH, Circuit Judge:

Early in 1963 Continental Vending Machine Corporation, in financial straits, borrowed $995,000 from James Talcott, Inc., a financial institution, and from banks and individuals, as security for which Roth, one of Continental's officers, pledged securities and a mortgage on his house, and Continental also mortgaged some of its vending routes. Appellant Weiner supplied $100,000 of the loan, appellant Hirsch $125,000, through one Schaeffer as "trustee" for individual lenders, and in turn through Talcott, as "Representative" acting for itself, the banks and Schaeffer as trustee.

In Chapter X proceedings in the United States District Court for the Eastern District of New York, trustees were appointed for Continental in July, 1963.

Talcott, as such "Representative," realized approximately $450,000 from foreclosure of the mortgage on Roth's house, and the trustees in reorganization paid over to Talcott as "Representative," $200,000 realized from the sale of Continental's Detroit route, which had been mortgaged as collateral for the loan.

The trustees in reorganization moved on an order to show cause in the District Court, for an order that the trustees pay any monies due Schaeffer as trustee into a special account and that Talcott be required to deposit in that account all monies collected by it as representative of Schaeffer, trustee, pending a final determination by the Court as to the amount lawfully due to Schaeffer as trustee for the various principals who, through him, contributed any portion of the monies supplied by him to Talcott. The application set forth that the trustees in reorganization did not know who contributed the fund but did know that Roth and some of the other defendants in an SEC action (in which the District Court for the Southern District of New York had appointed Campbell, later one of the trustees in reorganization, as Conservator of Continental) were persons who comprised the group for whom Schaeffer was acting as trustee, and that applicants had information that there was no doubt that the trustees in reorganization had substantial claims against some of those persons in unknown amount. The application represented that it would be adverse to the administration of the estate if payments made by the debtor to Talcott as representative were eventually to be turned over to persons or corporations indebted to the debtor.

The District Court, Mishler, J., granted the requested injunction, requiring monies due Schaeffer as trustee to be paid to the Court Trustees and by them held in an interest-bearing account pending the outcome of a plenary suit to be brought by the trustees by September 25, 1964.

■ The basis of jurisdiction to issue the injunction was held to be the court's summary jurisdiction of property in the possession of the debtor, the "property" stated to be the debtor's right of equitable set-off. This was error.

■ The case is properly before us on appeal from the granting of an injunction. McAvoy v. United States, 178 F. 2d 353, 2 Cir. 1949.

Whether or not the case relied on by the court (In re International Power Sec. Corp., 170 F.2d 399, 404, 3 Cir. 1948), is correct in holding that a right of equitable set-off is property in the possession

**92**

of the bankrupt or debtor, so that it may be protected by the court in a summary manner by injunction, there was no showing of such a right of equitable set-off in the instant proceeding. The allegations of the trustees amounted to little more than a suspicion that causes of action might exist as to some of the contributors to the fund. Hirsch and Weiner deny any debt to the trustees. The claimed equitable set-off consists of unestablished and unliquidated claims or choses in action completely unrelated to the funds of the appellants admittedly due and payable to them. In an analogous situation this court has held that "equity will not permit the set-off of a possible but unestablished and unliquidated liability." Esbitt v. Dutch-American Mercantile Corp., 335 F.2d 141, 143 (2 Cir. 1964). If Continental were a solvent functioning corporation, owing Hirsch and Weiner for amounts loaned it, it could not set off any such nebulous claims against them. There is then no property in Continental's trustees' possession in the form of a right of equitable set-off, on which to base summary jurisdiction of the bankruptcy court over the controversy between appellants and the trustees.

The order appealed from is reversed and the injunction discharged.