**In re Ronald James RADTKE, Bankrupt.**

**No. 75–B–1443.**

United States District Court, E. D. Wisconsin.

April 27, 1976.

S. A. Schapiro, Milwaukee, Wis., for bankrupt.

John A. Wittig, Milwaukee, Wis., Trustee.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is an appeal whereby the bankrupt named above challenges an order entered in the bankruptcy court for this judicial district on October 22, 1975. Said order permitted an extension of time for an unsecured creditor to file an objection to the execution of the bankrupt's discharge.

While the "Notice of Review and Petition for Review" filed November 3, 1976 recites no basis of jurisdiction, it appears that the appellant proceeds under the provisions of § 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c). This statute reads as follows:

"(c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse par-

ties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest."

█ Ten days subsequent to October 22, 1975 was November 1, 1975. Because the latter date fell on a Saturday, the Court deems the petition for review to be timely although it was not filed until the following Monday. *See*: Rule 6(a), Federal Rules of Civil Procedure. For the reasons set out in this opinion, however, no action on the merits of the appeal is to be undertaken at this point in the proceedings.

█ It is apparent from the record in this matter that no order finally determining the rights of any party is at issue here. While the terms of section 39(c) place no express restrictions upon orders reviewable by this Court, it is thought that such orders should reach ultimate issues of recovery or liability as among the contending parties. When an order of the bankruptcy court is essentially interlocutory in nature, as in the case at bar, the reviewability thereof is a question directed to the sound discretion of the district judge. Such review is generally discouraged. *See, e. g., Sulmeyer v. Pfohlman,* 329 F.2d 915 (9th Cir. 1964).

In various cases, courts have declined to review orders appealed pursuant to section 39(c) when interlocutory orders are at issue. This declination is generally premised upon the fact that substantial delay and disruption often accompanies piecemeal review of interlocutory and procedural rulings. *See, e. g., In re H. S. Dorf & Co., Inc.,* 309 F.2d 151 (2d Cir. 1962); *In re Prindible,* 115 F.2d 21 (3d Cir. 1940); and *In re Copeland,* 350 F.Supp. 943 (D.Del.1972).

█ In view of the foregoing findings, and because the order at issue here is clearly of an interlocutory character, the Court is of the opinion that this appeal must be and is hereby DISMISSED.

This case is remanded to the bankruptcy court for this judicial district without taxation of costs or attorneys' fees to any party.