**The ROSLYN SAVINGS BANK, Plaintiff,**

v.

**VANIMAN INTERNATIONAL, INC., Defendant.**

**Bankruptcy No. 180–03984–21.**

United States District Court, E. D. New York.

Jan. 5, 1981.

Schutzman & Schutzman, Wantagh, N.Y., for plaintiff.

Chester B. Salomon, New York City, for defendant.

*Memorandum of Decision and Order*

MISHLER, District Judge.

Pursuant to 28 U.S.C. § 1334(b), plaintiff seeks leave to appeal to the district court from an interlocutory order of the bankruptcy court.

Plaintiff commenced an adversary proceeding in bankruptcy court on September 23, 1980 seeking an order vacating the automatic stay of proceedings to foreclose its mortgage on the real property of the debtor, which stay went into effect on July 11, 1980 when the debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 362. By decision dated December 10, 1980 the bankruptcy judge denied plaintiff's application for an order vacating the stay.[1] It is from this decision that plaintiff seeks leave to appeal to the district court.

Under the 1978 amendments to the Bankruptcy Act, appeals to the district court of interlocutory orders of the bankruptcy court are governed by 28 U.S.C. § 1334(b) which provides:

> The district courts ... shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts but only by leave of the district court to which the appeal is taken.

---

1. On October 15, 1980, at the conclusion of the hearing in this matter, the bankruptcy judge had rendered a decision in open court in which the debtor was ordered to make certain payments to plaintiff on the mortgage loan. The bankruptcy judge further decided that if such payments were not made the automatic stay would be lifted to allow plaintiff to continue its foreclosure proceeding. The debtor failed to make the required payments. However, prior to the entry of an order of judgment vacating the stay, the bankruptcy proceeding was converted to a Chapter 7 liquidation proceeding. In light of this change the bankruptcy judge vacated its decision of October 15, 1980 and entered its decision denying the stay.

While the statute requires leave of the district court to appeal it does not describe the circumstances in which such leave should be granted. Prior to the 1978 amendments appeals to the district court from interlocutory orders of a bankruptcy judge were unrestricted by the statute, Act of June 22, 1938, ch. 575, § 1, 52 Stat. 858 (provision omitted from Bankruptcy 1978). While the district courts in the exercise of their discretion sometimes refused to entertain appeals from trivial interlocutory orders of the bankruptcy court,[2] we are aware of no case in which a court refused to entertain an appeal of an interlocutory order in connection with the merits of an automatic stay imposed by former sections of the Bankruptcy Act[3] from which the present section, 11 U.S.C. § 362, is derived. Appeals from denials of relief in the district court from orders of the bankruptcy court were entertained in the court of appeals pursuant to 1292(a)(1) which provides for appeals as of right from interlocutory orders of the district court dissolving or refusing to dissolve injunctions. *In re Marine Distributors, Inc.*, 522 F.2d 791 (9th Cir. 1975); *Hirsch v. Wharton*, 344 F.2d 90 (2d Cir. 1965). We note that the automatic stay imposed by 11 U.S.C. § 362 has been likened to a temporary restraining order and the hearing that is required in order to continue the stay in excess of 30 days after a request for relief from the stay has been made has been likened to a hearing on a preliminary injunction. 1 Collier on Bankruptcy, § 3.03, at 3–312 *citing* H.R.Rep.No. 595, 95th Cong., 1st Sess. 344 (1977), U.S.Code Cong. & Admin.News 1978, 5787.

In the absence of any language to the contrary in the language or legislative history of the statute governing appeals to this court, 28 U.S.C. § 1334(b), we see no reason to depart from the prior practice of the district courts and courts of appeals of entertaining appeals from orders of the bankruptcy court regarding automatic stays of activities of parties other than the debtor. From the facts before us it is clear that the continuation of the automatic stay creates a serious risk for the creditor bank. To refuse to entertain an appeal from the order denying relief from the stay would be unjust.

For the reasons set forth above leave to appeal to the district court is granted. It is

SO ORDERED.

---

2. *See, e. g. In re Radtke*, 411 F.Supp. 105 (E.D. Wis.1976).

3. *See* Bankruptcy Rules 401, 601 and 11–44.