**In re Alan & Marlene MOSKOWITZ, Debtors.**

**Sidney TURNER, Trustee, Plaintiff,**

v.

**NEW YORK HOSPITAL, Defendant.**

**No. 81 Civ. 5443.**

United States District Court,
S. D. New York.

Sept. 22, 1981.

Sidney Turner, White Plains, for plaintiff.

Kelley, Drye & Warren by Robert A. Horowitz, New York City, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

The Society of the New York Hospital ("New York Hospital") applied to this Court on September 11, 1981 for permission to appeal from the Decision and Order of the Bankruptcy Court, 13 B.R. 357, dated August 21, 1981 (Hon. Howard Schwartzberg, Bankruptcy Judge), which denied defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted.

The plaintiff, Trustee of the Debtors, had commenced an adversary proceeding pursuant to 11 U.S.C. § 550 to recover proceeds of a claim under a Blue Cross/Blue Shield medical insurance policy in the sum of $4,350.00, that had been paid directly to New York Hospital on March 28, 1981, for the account of Debtors, within three months prior to the filing of their joint petition under 11 U.S.C. § 302. New York Hospital moved to dismiss the Trustee's complaint under Bankruptcy Rule 712 on the ground that such payment did not constitute a preferential transfer voidable under 11 U.S.C. § 547, and that there was no diminution of the Debtors' estate to the prejudice of their general creditors.

In its decision of August 21, 1981, the Bankruptcy Court held that the actual transfer of the proceeds to New York Hospital would involve an "indirect . . . parting with property" which falls within the definition of "transfer" as provided by 11 U.S.C. § 101(40). The Bankruptcy Court concluded also that the payment would be

"property of the debtor" under the provisions of 11 U.S.C. § 541(a)(1), and were not affected by 11 U.S.C. § 547(c)(6), which excepts property subject to statutory liens. Moreover, the Bankruptcy Court found that the payment of the insurance proceeds would diminish the assets of the estate, since the effect of the transaction was not the mere substitution of creditors.

Accordingly, the Bankruptcy Court held that the Trustee's complaint did state a claim upon which relief could be granted and withstood the motion to dismiss on its face for want of legal sufficiency.

Notwithstanding its denial of New York Hospital's motion, the Bankruptcy Court concluded that there were questions of fact which remained to be resolved at trial or in connection with a motion for summary judgment. These concern the possible assignment or designation of the proceeds by the Debtors and the legal effect thereof, if proved. Evidence with respect to these issues would resolve whether the payment would have been held by the Debtors in constructive trust for New York Hospital had they received the insurance proceeds in the first instance.

New York Hospital's affidavit in support of its application for permission to appeal presented two questions: Did the payments allegedly made by Blue Cross/Blue Shield on behalf of the Debtors to New York Hospital involve (1) transfers of property of the Debtors within the meaning of 11 U.S.C. § 547; and (2) a diminution of the Debtors' estate to the prejudice of the general creditors?

It should first be observed that New York Hospital's application for permission to appeal the Decision and Order of the Bankruptcy Court of August 21, 1981 is governed by the principles of 28 U.S.C. § 1334 (effective April 1, 1984), which are to be followed during the transition period as provided by § 405(c)(2) of Title IV of the Bankruptcy Reform Act of 1978, Pub.L.No. 95–598. According to § 1334(b), the district court has jurisdiction of appeals from interlocutory orders of bankruptcy courts in that district so long as discretionary leave of the district court is first granted.

We agree with the Bankruptcy Judge that the issues raised by New York Hospital present disputed questions of fact which remain open in this case. These are best resolved at trial or in connection with a motion for summary judgment.

Due regard for judicial efficiency and material advancement of the litigation, which underlie the discretionary granting of interlocutory appeals, require denial of New York Hospital's application to this Court for permission to appeal the order denying the motion to dismiss.

The purposes of § 1334(b) mirror those found in 28 U.S.C. § 1292(b), which provides for interlocutory appeals to be granted whenever there exists "a controlling question of law as to which there is substantial ground for difference of opinion" where "an immediate appeal may materially advance the ultimate termination of the litigation." The critical requirement is that the appealable issue must have "the potential for substantially accelerating the disposition of the litigation." This does not exist when, as in this case, there remains factual questions the resolution of which may alter or affect the question of law sought to be reviewed. See generally, 9 Moore's Federal Practice ¶ 110.22[2] (2d ed.) at 260.

To grant an interlocutory appeal in this case is likely to bring forth a second appeal later, depending on whether a constructive trust is found. The ultimate termination of the litigation would not be advanced, and might be delayed.

Accordingly, the application for permission to appeal the Decision and Order of the Bankruptcy Court dated August 21, 1981 is denied.

So Ordered.