In re DEN–COL CARTAGE & DISTRI-BUTION, INC., Debtor.

Civ. A. No. 81–K–2179.
Bankruptcy No. 80 B 01284 Mc.

United States District Court,
D. Colorado.

June 2, 1982.

Edward M. Bendelow, Shoemaker, Wham, Krisor & Bendelow, Denver, Colo., for plaintiff.

Howard R. Tallman, Denver, Colo., trustee.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this bankruptcy appeal the debtor filed a voluntary Chapter 11 petition on April 4, 1980 and since then has operated as a debtor-in-possession. The debtor's attorney filed a petition for interim attorney fees, as provided by 11 U.S.C. section 331, on July 29, 1981, seeking fees of $19,182.26 and reimbursement for costs of $310.77. After a hearing, Bankruptcy Judge John F. McGrath awarded fees of $12,000 and costs of $297.17. The debtor's attorney then filed a notice of appeal, challenging the amount of the award.

The Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, title IV, section 405(c)(2), 92 Stat. 2549, 2685 (1978), provides that, during the transition period, Oct. 1, 1979 through March 31, 1984, appeals to the district courts of interlocutory orders shall be governed by the future 28 U.S.C. section 1334(b), which provides:

> The district courts ... shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

Rule 8004 of the Interim Bankruptcy Rules specifies the procedures for taking interlocutory appeals. In cases such as the present one, Rule 8004(a) specifies that leave to appeal should be obtained by filing an application for leave to appeal with the clerk of the district court. However, if, as in the present case, a notice of appeal is filed with the bankruptcy court, Rule 8004(d) allows the district court to treat this as an application for leave to appeal. I will therefore treat the debtor's notice of appeal filed with the bankruptcy court as an application for leave to appeal.

Neither 28 U.S.C. section 1334(b), as it will be enacted, nor any of the interim provisions of the Bankruptcy Reform Act or the Bankruptcy Rules specify any standards for determining when an interlocutory appeal is appropriate. In the absence of any other standards, it is appropriate to apply the statutory standards governing interlocutory appeals from district courts to courts

of appeals, 28 U.S.C. sections 1291–1292. See *Collier on Bankruptcy* para. 3.03(7)(d)(v) (15th ed. 1981). For example, decisions vacating or refusing to vacate automatic stays under 11 U.S.C. section 362(d) may be likened to decisions on motions for preliminary injunctions, and thus subject to interlocutory appeals by analogy to 28 U.S.C. section 1292(a)(1). See, e.g., *Roslyn Savings Bank v. Vaniman International, Inc.*, 8 B.R. 751 (D.C.E.D.N.Y.1981). Likewise, if a bankruptcy judge's decision involves a "controlling question of law as to which there is substantial ground for difference of opinion" where "an immediate appeal from the order may materially advance the ultimate termination of the litigation," then an interlocutory appeal will be justified under an analogy to 28 U.S.C. section 1292(b).[1] A classic example of such an order is a denial of a motion to dismiss for lack of jurisdiction. See *Collier on Bankruptcy* para. 3.03(7)(d)(v) at 3–304—3–306 (15th ed. 1981).[2]

■ The analogy to 28 U.S.C. sections 1291–1292 also should normally extend to situations where interlocutory appeals are not now allowed. Thus, for example, a bankruptcy judge's order granting an extension of time should not be appealable absent extraordinary circumstances. See *In re Radtke*, 411 F.Supp. 105 (E.D.Wis. 1976). On the other hand, if a bankruptcy judge indefinitely postpones adjudication, contrary to clear statutory language, then interlocutory appeal will be appropriate. See *General Electric Co. v. Beehive Telecasting Corp.*, 284 F.2d 507 (10th Cir. 1960). Such appeals may be analogized to the relatively rare situations where a party may properly seek a writ of mandamus from the court of appeals ordering a trial judge to do or refrain from doing a particular act.

■ Although these general standards are sufficient to determine whether to hear most interlocutory appeals, there are special considerations in interlocutory appeals from awards (or refusals to award) interim attorney fees and costs under 11 U.S.C. section 331 in Chapter 11 bankruptcy proceedings. While such interim awards may be full compensation for the services rendered up to the date of the application, they also may be simply an early partial payment of the final award. See *Collier on Bankruptcy* para. 331.03, at 331–6—331–7 (15th ed. 1981). Many of the factors that courts consider in making attorney fee awards cannot even be evaluated until the merits of the underlying claim have been resolved. See *Ramos v. Lamm*, 539 F.Supp. 730 at 735 n.10 (D.Colo.1982). Interim awards therefore are almost always subject to review and revision by the bankruptcy judge any time until final judgment is entered. See *In re Futuronics Corp.*, 5 B.R. 489, 498 (Bkrtcy.S.D.N.Y.1980); *Collier on Bankruptcy* para. 331.03, at 331–7 (15th ed. 1981). Accordingly, there is a great danger of undue interference by appellate courts with bankruptcy courts if interlocutory appeals are allowed from interim attorney decisions.

On the other hand, there also will be a danger of jeopardizing Chapter 11 reorganization proceedings if interlocutory appeals are not allowed from attorney fee decisions. Because of the ongoing nature of a Chapter 11 proceeding, final judgment may not be entered for many years. An improperly low interim attorney fee award may there-

---

1. 28 U.S.C. section 1292(b) requires that the trial judge first make the necessary findings. Because the future 28 U.S.C. section 1334(b) does not have such a requirement, but instead grants the district courts appellate jurisdiction over all interlocutory appeals, the necessary determinations will have to be made by the district judge, rather than the bankruptcy judge. See *Collier on Bankruptcy* para. 3.03(7)(d)(v), at 3–306—3–307 (15th ed. 1981). The determination will be made after the appellant has filed an application for leave to appeal, as provided by Interim Bankruptcy Rule 8004(a).

2. This passage quotes S.Rep.No.2434, 85th Cong., 2d Sess. 2–3, (1958) U.S.Code Cong. & Ad.News 5255, 5256. It is interesting to note that this Senate Report notes the injustice of allowing a case to take eight months to be disposed of by the trial court, only to be reversed on appeal for lack of jurisdiction, and how the ultimate determination could be expedited by allowing an interlocutory appeal. Because of the multi-year delays that are now common in disposition of appeals by the courts of appeals, much of the motivation for allowing interlocutory appeals has disappeared.

fore deter the debtor's attorney from future diligent representation of the debtor, especially if appellate review is unavailable.

■ While there should be a general heisitance on the part of district judges to allow interlocutory appeals of interim fee awards, such appeals should be allowed where there are extraordinary circumstances. In the absence of any statutory or appellate court guidance, I am forced to adopt my own standards to determine when the circumstances are extraordinary enough to warrant an interlocutory appeal. I conclude that the standards on issuing preliminary injunctions provide useful guidance. See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Accordingly, I hold that leave to file an interlocutory appeal of an interim fee award (or refusal to make such an award) should be allowed only when:

(1) the appellant has demonstrated a substantial likelihood that he will eventually prevail on his appeal;

(2) the appellant has demonstrated that the party he represents will suffer irreparable injury unless the interlocutory appeal is allowed;

(3) the potential injury to the appellant's client if the appeal is not allowed out weighs the potential injury to other parties if the appeal is allowed; and

(4) an interlocutory appeal is not adverse to either the public interest or the orderly administration of the Chapter 11 bankruptcy proceeding.

These standards should allow district courts to hear appeals when necessary to prevent jeopardy to Chapter 11 proceedings, but should also allow interference with bankruptcy proceedings only in extraordinary cases.

■ Applying these standards to the present case, I conclude that the application for leave to appeal should be denied. It is possible that the bankruptcy judge erroneously applied the Tenth Circuit law of attorney fees by not issuing "findings of fact sufficient to demonstrate how the conclusion was reached." *Love v. Mayor of Cheyenne, Wyoming*, 620 F.2d 235, 237 (10th Cir. 1980). However, the bankruptcy judge may cure this apparent defect by issuing sufficiently detailed findings in his final attorney fee award. At this juncture I will not venture a guess on whether the amount of the award is within the rather broad, but often inconsistent, attorney fee standards enunciated by the Tenth Circuit. See *Ramos v. Lamm*, 539 F.Supp. 730 at 735–738 (D.Colo.1982). In any event, the appellant has not offered any evidence that the debtor will suffer irreparable injury if this appeal is not heard. In the absence of such evidence the potential injury to other parties and the danger of dusrupting the bankruptcy proceedings both militate against hearing this appeal. Accordingly,

IT IS ORDERED that the notice of appeal, filed on September 21, 1981 in the bankruptcy court, is converted to an application for leave to appeal to this court, pursuant to Interim Bankruptcy Rule 8004(d). It is further

ORDERED that the application for leave to appeal is denied.