In re CODESCO, INC., Debtor.

Thomas J. CAHILL, Trustee, Plaintiff,

v.

IU NORTH AMERICA, INC., et al., Defendants.

Bankruptcy No. 80–B–20283.
Adv. No. 82–A–6138.

United States District Court,
S.D. New York.

June 3, 1983.

Anderson, Russell, Kill & Olick, P.C., New York City, for trustee-plaintiff; Stephen J. Shimshak, New York City, of counsel.

Friedman & Gass, P.C., New York City, for defendants; Peter F. Gass, New York City, of counsel.

OPINION & ORDER

SPRIZZO, District Judge.

IU North America, Inc., Nixident, Inc., Tardydent, Inc., and PAC Finance Corp. (hereinafter collectively the "IU Creditors"), creditors of Codesco, Inc. (hereinafter the "Debtor"), seek leave to appeal an interlocutory order of Bankruptcy Judge Schwartzberg to this Court.

In December 1980, after the Debtor had sought voluntary reorganization pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 et seq., the IU Creditors commenced an adversary proceeding in the bankruptcy court seeking (1) a lifting of the automatic stay which had attached pursu-

---

ant to 11 U.S.C. § 362; and (2) reclamation of certain collateral which the Debtor had pledged to the IU Creditors.[1] In response to this pleading, the Debtor asserted a counterclaim alleging that the transaction for which the collateral was given was fraudulent and that it had received less than reasonable value for the security interest it gave.

On January 8, 1982, by order of the bankruptcy court, the Debtor's Chapter 11 case was converted to a liquidation proceeding pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701 et seq., and a trustee was elected (hereinafter the "Trustee"). The Trustee thereupon filed a complaint containing substantially the same allegations of fraud as had been interposed in the counterclaim filed by the Debtor in response to the IU Creditors' complaint. The IU Creditors moved to dismiss the Trustee's complaint on the grounds that the Debtor's fraud claim had to be asserted as a compulsory counterclaim to the IU Creditors' complaint, as indeed the Debtor had already done.

Judge Schwartzberg denied the motion to dismiss the Trustee's complaint. In so doing, he held that, since an application to lift an automatic stay is intended to be an expedited proceeding, the Debtor was not required to assert the fraud claim as a counterclaim to the IU Creditors' complaint. He further held that the IU Creditors' claim for reclamation was improperly joined with the request for a lifting of the stay. *In re Codesco, Inc.,* 24 B.R. 746 (Bkrtcy.S.D. N.Y.1982). Accordingly, he permitted the Trustee to voluntarily dismiss the Debtor's

counterclaim in that proceeding. The IU Creditors seek leave to appeal these holdings to the district court.[2]

Section 1334(b) of 28 U.S.C., which governs the jurisdiction of the district courts to hear appeals from interlocutory orders of the bankruptcy court,[3] provides in pertinent part:

> The district courts ... shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts but only by leave of the district court to which the appeal is taken.

While § 1334(b) does not itself provide any guidelines regarding the exercise of the Court's discretion, *Roslyn Savings Bank v. Vaniman Int'l,* 8 B.R. 751, 752 (D.C.E.D.N. Y.1981), it is well settled that the standards embodied in 28 U.S.C. § 1292(b) are applicable. *See, e.g., In re Den-Col Cartage & Distribution, Inc.,* 20 B.R. 645, 646–47 (D.C. D.Colo.1982); *In re Moskowitz,* 5 Collier Bankr.Cas.2d 266, 268 (Bankr.S.D.N.Y. 1981). Therefore, this Court should exercise its discretion to hear the appeal only if it involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). *In re Moskowitz* at 268.

The IU Creditors have failed to demonstrate the existence of a controlling question of law as to which there is substantial ground for difference of opinion. It is clear from the legislative history of 11 U.S.C. § 362(e) that an application to lift a stay pursuant to that statute is intended to be a

---

**1.** Codesco, Inc. was formed in 1979 to purchase assets from Nixident, Inc., a subsidiary of IU North America, Inc. As part of the financing for the purchase, Nixident took a note from Codesco, Inc., which note was secured by a pledge of Codesco's inventory and accounts receivable. The note and security interests were assigned by Nixident to IU North America, and thereafter to PAC Finance Corp.

**2.** The IU Creditors also seek leave to appeal Judge Schwartzberg's order denying the lifting of the automatic stay. While district courts will exercise their discretion in favor of hearing such appeals, *Roslyn Savings Bank* at 752, the IU Creditors have failed to address the proprie-

ty of Judge Schwartzberg's holding in this regard in the papers submitted to this Court. The Court therefore cannot properly pass on the merits of that request.

**3.** Although 28 U.S.C. § 1334(b) is not effective until April 1, 1984, the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, Title IV, § 405(c)(2), 92 Stat. 2549, 2685 (1978), provides that, during the transition period, appeals from interlocutory orders of the bankruptcy courts shall be governed by that statute. *See In re Moskowitz,* 5 Collier Bankr.Cas.2d 266, 268 (S.D.N.Y.1981).

limited and expedited proceeding, and that that statutory purpose would be undermined if debtors were required to assert compulsory counterclaims going to the merits. H.R.Rep. No. 595, 95th Cong., 1st Sess. 344 (1977); *cf.* S.Rep. No. 989, 95th Cong., 2d Sess. 53, 55 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787; *see Racing Wheels v. Sarasota-Manatee Auth.,* 5 B.R. 309, 312 (Bkrtcy.M.D.Fla.1980).

Moreover, it is also clear that entertaining this appeal would not materially advance the ultimate termination of the litigation. All of the IU Creditors have answered the Trustee's complaint and have asserted their cross-claims and counterclaims, including the IU Creditors' demand for reclamation. There is no reason to assume that the IU Creditors' action for reclamation and the Debtor's counterclaim for fraud will proceed any more expeditiously than the Debtor's action for fraud as to which the IU Creditors have asserted their counterclaim for reclamation.

Finally, even assuming arguendo that the Court were to grant the IU Creditors leave to appeal, it would in all probability conclude that Judge Schwartzberg's holding was correct. The expedited procedures contemplated by an action for a stay would be ill served by permitting a claim for reclamation to be joined with an application for a stay. The Court also agrees with Judge Schwartzberg's conclusion that to require a compulsory counterclaim going to the merits to be asserted in such a proceeding would also not be consistent with the expeditious nature of that proceeding. In view of that circumstance, this Court cannot perceive how the conduct of this litigation could be enhanced by permitting an interlocutory appeal in this case.

The IU Creditors' application for leave to appeal Judge Schwartzberg's interlocutory order is denied.

It is SO ORDERED.