**In re BRENTANO'S INC., Brentano's Texas, Inc., Brentano's Missouri, Inc., Debtors.**

No. 83 Civ. 2118 (JES).

United States District Court, S.D. New York.

Jan. 19, 1984.

Cleary, Gottlieb, Steen & Hamilton, New York City, for MacMillan, Inc.; George Weisz, Thomas J. Moloney, New York City, of counsel.

Frankfurt, Garbus, Klein & Selz, New York City, for Pine Realty, Inc.; Robert N. Solomon, Alan H. Levine, Lori Fondiler, New York City, of counsel.

OPINION & ORDER

SPRIZZO, District Judge:

Appellant, Pine Realty, Inc., appeals from an order of the bankruptcy court staying it

from proceeding against appellee, MacMillan, Inc., in any forum other than the United States Bankruptcy Court for the Southern District of New York in connection with a lease entered into by Brentano's, Inc., the debtor, and Pine Realty. *See In re Brentano's, Inc., et al.,* 27 B.R. 90 (Bkrtcy.S.D.N.Y. 1983) (Galgay, J.). MacMillan is a guarantor for the lease.[1] On May 21, 1982, Brentano's filed a petition pursuant to chapter 11 of the Bankruptcy Reform Act of 1978 (the "Act"), 11 U.S.C. §§ 1101–1174 (1982). In July 1982, Pine Realty commenced an action against MacMillan in California Superior Court based upon MacMillan's guarantee of the lease.[2]

Pine Realty argues that the bankruptcy court abused its discretion in granting MacMillan's motion to stay. MacMillan contends that the order staying the California action was an appropriate exercise of the court's power under the Act. It further

1. MacMillan executed eleven similar guaranties in connection with other Brentano's leases with various landlords.

2. The guarantee permits Pine Realty to proceed directly against MacMillan without first proceeding against Brentano's. Guarantee of Lease para. 4.

3. Pine Realty contends that the stay order issued by the bankruptcy court constitutes a final order and is therefore appealable as of right, citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). However, as MacMillan's counsel indicated at oral argument, in that case, the effect of the stay was to deprive a party of all federal remedies, which is clearly not the situation here. *Id.* 103 S.Ct. at 933–34 & n. 11.

4. District courts have generally entertained interlocutory appeals from bankruptcy court orders relating to an automatic stay under 11 U.S.C. § 362 (1982), likening them to decisions on motions for preliminary injunctions and therefore appealable by analogy to 28 U.S.C. § 1292(a)(1). *E.g., Matter of Olson,* 22 B.R. 473, 475 (D.C.Neb.1982); *Roslyn Savings Bank v. Vaniman International, Inc.,* 8 B.R. 751, 752 (D.C.E.D.N.Y.1981); *see In re Den-Col Cartage & Distribution, Inc.,* 20 B.R. 645, 646–47 (D.C. Colo.1982). In this case, where the order was issued under the broader provisions of 11 U.S.C. § 105(a) and stayed an action not in-

contends that the stay order is not a final order and is therefore not appealable.

## DISCUSSION

■ While it is not entirely clear that the appeal may be taken as a matter of right pursuant to 28 U.S.C. § 1291,[3] the Court unquestionably can and will entertain the appeal as a matter of discretion.[4] 28 U.S.C. § 1334(b) (Supp. II 1978).[5] Furthermore, the facts of this case place it within the collateral order exception to the finality rule which was articulated by the Supreme Court in *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. ——, 103 S.Ct. 927, 933–37, 74 L.Ed.2d 765 (1983).

Although the question is not free from doubt, the Court will assume that the bankruptcy court had jurisdiction to order the stay.[6] Therefore, the only question that

volving the debtor, but a third party, there is all the more reason to hear an interlocutory appeal.

5. Section 1334(b) provides that, "The district courts ... shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of district court to which the appeal is taken." While 28 U.S.C. § 1334(b) is technically not effective until April 1, 1984, the Act provides that during the "transition period" (October 1, 1979 through March 31, 1984), appeals of interlocutory orders entered by bankruptcy courts will be governed by the future 28 U.S.C. § 1334(b) Bankruptcy Reform Act of 1978, Publ.L. No. 95–598, § 405(c)(2), 92 Stat. 2685.

6. 28 U.S.C. § 1471(b) and (c) (Supp. II 1978) permit the bankruptcy courts to exercise jurisdiction over actions "arising under title 11 or arising in or *related to* cases under title 11." (emphasis added) In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court declared that jurisdictional grant to be unconstitutionally broad. The Court stayed the effect of that decision until December 24, 1982.

Pine Realty argues that Judge Galgay lacked the power to grant the stay because he ordered it in his opinion dated January 31, 1983, subsequent to the expiration of the Supreme Court's stay. In his opinion, however, Judge Galgay stated that *Marathon Pipe Line* did not impose

remains is whether the bankruptcy judge's decision to stay the California action was a proper exercise of his discretion.

While 11 U.S.C. § 105(a) does grant the bankruptcy court broad powers to issue any order "necessary or appropriate to carry out the provisions of this title," it is an extraordinary exercise of discretion to use that power to stay a third party action not involving the debtor. *See, e.g., In re Otero Mills, Inc.,* 21 B.R. 777, 779 (Bkrtcy.D. N.M.1982), *aff'd,* 25 B.R. 1018 (D.C.N.M. 1982); *see also In re Comtek Electronics, Inc.,* 23 B.R. 449, 451 (Bkrtcy.S.D.N.Y.1982). In this case, the Court is not convinced that the stay order was necessary to an orderly disposition of the debtor's estate. Brentano's was required to indemnify MacMillan for any liability incurred by MacMillan on the guarantee. Thus, the only effect on Brentano's estate of *not* staying the California action would have been to substitute MacMillan's claim for indemnification for Pine Realty's claim pursuant to the lease. This circumstance does not, in the Court's view, justify depriving Pine Realty of its contractually bargained for right to seek judicial redress directly against the guarantor.

Furthermore, the Court was advised by counsel at oral argument that the action against MacMillan with respect to its guarantee of the Pine Realty lease is the only action involving one of the twelve guaranties which MacMillan executed which has not settled. Most, if not all, of these actions were settled after the stay order was issued. Given that circumstance, it is especially apparent that a stay of the California action is not necessary to an efficient and effective disposition of the bankruptcy proceedings relating to Brentano's estate.[7] The Court therefore remands this action to

the bankruptcy court for reconsideration in light of the changed circumstances and in accordance with this decision.

SO ORDERED.

a jurisdictional impediment to his decision since the stay order was issued orally on November 23, 1982, prior to the effect of the Supreme Court's decision. *In re Brentano's, Inc., et al., supra,* at 90–91 & n. 1. The Court need not reach the question of when Judge Galgay's order was issued, since it is assuming, *arguendo,* that Judge Galgay had jurisdiction to issue the order.

7. Even assuming that the bankruptcy proceeding is completed before the state court action concludes, and assuming that Pine Realty is paid a portion of its claim in the bankruptcy proceeding, MacMillan would be entitled to a reduction of Pine Realty's claim on the guarantee. It is therefore hard to conceive how the bankruptcy proceeding could in any way be impacted by the state court action.