In re 48TH STREET
STEAKHOUSE, INC., Debtor.

48TH STREET STEAKHOUSE, INC.,
Plaintiff-Respondent,

v.

ROCKEFELLER GROUP, INC. and
Rockefeller Center Properties,
Defendants-Appellants,

and

I.S.H. Liquidating Corp. and Dornbush,
Mensch & Mandelstam,
Defendants-Respondents.

Index No. 84 Civ. 1241 (LFM)
(Bankruptcy Appeal).
Bankruptcy No. 83 B 11070 (EJR).
Adv. No. 83–5915A.

United States District Court,
S.D. New York.

Jan. 29, 1985.

William T. Livingston, III, New York City, for Rockefeller Group, Inc. and Rockefeller Center Properties.

Angel & Frankel, P.C. by Sanford P. Rosen, New York City, for 48th Street Steakhouse, Inc.

## MEMORANDUM and ORDER

MacMAHON, District Judge.

Defendants Rockefeller Group, Inc. ("Rockefeller Group") and Rockefeller Center Properties, pursuant to 28 U.S.C. § 1334(b), seek leave to appeal a January 3, 1984 order of the bankruptcy court, which denied their motion to vacate a September 1, 1983 order enjoining defendants from interfering with or terminating any interest

that plaintiff, 48th Street Steakhouse, Inc. had in a lease. Defendants also move to supplement the appellate record with the transcript of proceedings held October 11, 1983. Plaintiff moves to dismiss defendants' appeal.

In December 1975, plaintiff entered into a lease with defendant Rockefeller Group, as landlord, to rent the restaurant at 10 Rockefeller Plaza, New York City. As collateral for loans, plaintiff assigned the lease to co-defendant, I.S.H. Liquidating Corp. ("I.S.H."). A reassignment of I.S.H.'s interest in the lease to plaintiff is being held in escrow until plaintiff repays the loans.

Plaintiff filed for reorganization under Chapter 11 of the Bankruptcy Code on July 22, 1983. Defendants learned of the filing in August and on August 29 sent I.S.H. a three-day notice of default for non-payment of rent.

On September 1, when I.S.H. failed to cure the default, defendants delivered a notice of lease termination. That afternoon, plaintiff applied for a show cause order authorizing plaintiff to assume I.S.H.'s lease, holding defendants in contempt for violating provisions of the automatic stay imposed by 11 U.S.C. § 362, and declaring that plaintiff might make any and all payments due under the lease. After receiving telephonic notice, defendants appeared at the hearing in opposition to the application. A further hearing to determine the merits of the application was scheduled for September 21. However, the order signed on September 1 enjoined defendants from interfering with and/or terminating any right, title and interest that plaintiff enjoyed in the lease, pending a determination of plaintiff's application. After two adjournments, on November 3, defendants sought an order vacating the injunction contained in the September order and the automatic stay. After several hearings, the bankruptcy court entered an order on January 3, 1984 denying the motion. On January 12, defendants filed a notice of appeal of the January order.

Plaintiff's September 1 application has yet to be determined.

## DISCUSSION

Defendants argue initially that the September 1 order is a temporary restraining order which has long since expired pursuant to Fed.R.Civ.P. 65(b). In the alternative, they request leave to appeal the order. Plaintiff, however, asserts that the order is a preliminary injunction, is still in effect, and is a final, non-appealable order. It also claims that defendants really seek declaratory relief because they want this court to declare that the September order has expired, which this court is not empowered to grant under Bankruptcy Rule 8013.

■ Pursuant to Fed.R.Civ.P. 65, a temporary restraining order is issued *ex parte* and expires in ten days, unless specifically extended by the court for another ten days. A preliminary injunction, however, requires notice and a hearing. *Austin v. Altman*, 332 F.2d 273 (2d Cir.1964). Although the time may have been short, defendants did receive several hours of notice prior to the hearing and were present to oppose the application. The injunction was to last until a determination was made on plaintiff's application. That is a substantially longer period of time than is contemplated by a temporary restraining order. Since the September 1 order was issued on notice, after a hearing and for an indefinite duration, we find that the order was a preliminary injunction.

■ Plaintiff asserts that the order is final and nonappealable because defendants failed to file their notice of appeal within the ten-day limit imposed by Bankruptcy Rule 8002(a). Claiming that defendants are appealing the September order, plaintiff contends that the filing of the notice of appeal on January 12, 1984 was untimely. Plaintiff fails to recognize, however, that defendants actually are appealing the January order, which affirmed the September order.

■ The jurisdiction of district courts to hear appeals from interlocutory orders of

the bankruptcy court is governed by 28 U.S.C. § 1334(b), which provides that district courts have jurisdiction to hear such appeals "but only by leave of the district court to which the appeal is taken." While § 1334(b) does not provide any guidelines regarding the exercise of the court's discretion, it is well settled that the standards embodied in 28 U.S.C. § 1292 regarding interlocutory appeals are applicable. *In re Brentano's Inc.*, 36 B.R. 90 (S.D.N.Y.1984); *Roslyn Savings Bank v. Vaniman International Inc.*, 8 B.R. 751 (E.D.N.Y.1981).

Appeals from bankruptcy court orders relating to automatic stays imposed by 11 U.S.C. § 362 have been compared to preliminary injunctions and are therefore appealable by analogy under 28 U.S.C. § 1292(a)(1). *In re Brentano's Inc., supra*, 36 B.R. at 91 n. 4; *In re Den-Col Cartage & Distribution, Inc.*, 20 B.R. 645 (D.Col.1982). Although defendants here are seeking leave to appeal the stay enjoining them from interfering in the lease, that stay is analogous to an automatic stay. There is no reason to depart from the prior practice of entertaining appeals from orders of the bankruptcy court regarding automatic stays or other stays which are so similar in nature. *Roslyn Savings Bank v. Vaniman International Inc., supra*, 8 B.R. at 752.

In light of the above discussion, plaintiff's contention, that this court has no power to grant the alleged declaratory relief defendants seek, need not be resolved. In addition, since defendants have failed to adequately address or support their request to supplement the appellate record, we make no findings with respect to that request.

Accordingly, we grant defendants' motion for leave to appeal the January 3, 1984 order of the bankruptcy court which denied their motion to vacate the stays imposed in the September 1, 1983 order. Plaintiff's motion to dismiss the appeal is denied. SO ORDERED.