**In the Matter of CREATIVE CUISINE, INC., Debtor.**

**Bankruptcy No. 84 B 16272.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 13, 1989.

---

Kathleen T. Tobin, Lord, Bissell & Brook, Chicago, Ill., for debtor.

Rosie Rosenbaum, McDermott, Will & Emery, Chicago, Ill., for NAAT.

Allan R. Cohen, Cohen & Cohen, for trustee.

James E. Dvorak, Chicago, Ill., Interim trustee.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

This case was originally filed on December 12, 1984 as a Chapter 11 reorganization case. Creative Cuisine, the Debtor, operated a restaurant, The Rib Exchange, as debtor-in-possession while the Chapter 11 case was pending. Bruce Kaufman was the Debtor's principal and chief operating officer until the case was converted to one under Chapter 7 of the Bankruptcy Code on July 12, 1988.

In July, 1985, the Debtor-in-possession entered into a lease with Norsec Cook, Inc. for property located in Schaumburg, Illinois. In an unrelated proceeding, North American Assets Trust ("NAAT") commenced a lawsuit in state court against Norsec. The state court entered a order of attachment against Norsec's interest in the Schaumburg property and against any lease payments due to Norsec from the Debtor. On December 12, 1986, the bankruptcy court entered an order "authorizing" the Debtor to comply with the state court's attachment order and granting the Debtor leave to deposit the lease payments owed to Norsec with the Clerk of the Circuit Court of Cook County. The state court also ordered the Debtor to file an accounting as garnishee. The accounting, filed on May 1, 1987 and signed by Kaufman in his capacity as President of the Debtor, acknowledged the Debtor's liability for lease payments and asserted a set-off against rents owed in the amount of $63,325.43. The set-off was attributable to amounts deposited by the Debtor with Norsec for payment of real estate taxes on the Schaumburg property with which Norsec allegedly absconded. Based on this set-off, the Debtor did not deposit any lease payments with the Clerk of the Circuit Court of Cook County.

In April, 1988, NAAT acquired ownership of the Schaumburg property through a sheriff's sale in the state proceedings. On May 31, 1988 NAAT filed its motion in state court for a rule to show cause why the Debtor and its principal, Mr. Kaufman, should not be held in contempt for failure

to comply with the state court's order of attachment.

The state court indicated that it would await direction from the bankruptcy court as to whether it may proceed on NAAT's motion. NAAT has therefore moved the bankruptcy court to modify the automatic stay and allow the state court to proceed with the rule to show cause motion. Mr. Kaufman objects to the motion to modify the stay and further moves this Court to enjoin the state court proceedings pursuant to section 105(a) of the Bankruptcy Code. The Chapter 7 Trustee also opposes modification of the automatic stay.

The state court's attachment order is integrally related to the bankruptcy proceeding insofar as it affects the Debtor, Mr. Kaufman in his capacity as operating officer of the Debtor and the property of the estate. NAAT's motion for rule to show cause is no more than an attempt to collect the Debtor's post-petition rent which is an administrative expense. NAAT's motion to modify the stay is therefore denied and the motion to enjoin further proceedings in the state court against the Debtor or its principal is granted.

## DISCUSSION

*28 U.S.C. § 959(a):*

NAAT initially argues that under 28 U.S. C. § 959(a), the state court may proceed without leave of the bankruptcy court. That Section provides:

> Trustees, receivers, or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on

business connected with such property....

28 U.S.C. § 959(a). Congress intended that this section provide a means of enforcement for sub-section (b) of section 959, which requires businesses to operate in accordance with all applicable state laws while under the control of a trustee in bankruptcy, debtor-in-possession, receiver or manager. 28 U.S.C. § 959(b); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 443 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The bankruptcy courts have typically applied this section when specific allegations have been made that the trustee or debtor-in-possession has violated state law while operating the business. *See, e.g., In re Kish,* 41 B.R. 620 (Bankr.E. D.Mich.1984) (environmental group permitted to pursue action against a debtor in state court for violation of state environmental laws without first obtaining leave of the bankruptcy court).

NAAT's motion for rule to show cause against the Debtor does not allege violation of any state law by the Debtor-in-Possession in connection with its operation of the business while the Chapter 11 case was pending. Although NAAT alleges that the Debtor violated the attachment order by not depositing rent payments, in fact the Debtor only asserted a legal position that no rents were due. Nor is NAAT correct in alleging that Judge Schwartz' Order obligated the Debtor to make deposits. That order *"granted leave* (1) to deposit any lease payment due and owing to Norsec Cook, Inc., with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with the Order of Attachment." (emphasis added).[1] Section 959(a) is therefore

---

**1.** The full text of the Order entered by Judge Schwartz on December 12, 1986 reads;

> THIS CAUSE COMING TO BE HEARD on motion by NORTH AMERICAN ASSETS TRUST LIMITED to authorize compliance and for other relief, due notice having been given and this Court being fully advised in the premises;
>
> IT IS HEREBY ORDERED THAT Debtor Creative Cuisine, Inc. d/b/a/ The Rib Exchange:
>
> (a) *is hereby authorized* to comply with the Order of Attachment of the Circuit Court of

Cook County in the Proceeding known as Docket Number 86 L 51301 and, in particular, Debtor is *granted leave* (1) to deposit any lease payments due and owing to Norsec Cook, Inc. with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with the Order of Attachment, and (2) to hold any property, effects, choses in action, or credits in its possession or power belonging to Norsec Cook, Inc. subject to the Circuit Court of Cook County's order in such proceeding and not to pay to Norsec Cook, Inc. any indebtedness owed to Norsec Cook, Inc. subject to said

inapplicable in this situation. In any event, nothing in that section divests this Court of its power under 11 U.S.C. § 105 to enjoin inappropriate actions.

*AUTOMATIC STAY AND § 105(a):*

■ NAAT next argues that the automatic stay does not apply to its motion for rule to show cause in Cook County Circuit Court. The Court agrees. Section 362 automatically stays a proceeding "against the debtor that was or could have been commenced before the commencement of the case under this title ..." 11 U.S.C. § 362(a)(1). Section 362 also operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). NAAT's state court action is a motion for a rule to show cause against Mr. Kaufman and the Debtor for failure to comply with an attachment order for post-petition lease payments and for the failure to redeem post-petition real estate taxes. All relevant actions by Mr. Kaufman and the Debtor occurred post-petition and the debts that are subject to the attachment order are post-petition debts. Consequently, NAAT's state court action could not have been commenced before the Debtor's original Chapter 11 petition was filed in December, 1984. In addition, NAAT's motion is for a rule to show cause, which is not a proceeding against the property of the Debtor's estate. The automatic stay is therefore inapplicable to Mr. Kaufman and the Debtor insofar as NAAT's motion for a rule to show cause is concerned.

■ Nevertheless, NAAT may not proceed in state court with its motion. Mr. Kaufman and the Debtor have moved for an injunction against any further proceedings in state court pursuant to section 105(a) of the Bankruptcy Code. That section authorizes the bankruptcy courts to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). An order enjoining further proceedings in state court may be necessary to ensure the orderly disposition of the debtor's estate and to protect the bankruptcy court's jurisdiction. *See, e.g., A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir.1986) *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *In re Johns–Manville Corp. et al.,* 26 B.R. 420, 425 (Bankr.S.D.N.Y.1983) *aff'd,* 40 B.R. 219 (S.D.N.Y.1984) *rev'd in part,* 41 B.R. 926 (S.D.N.Y.1984) ("A bankruptcy court may use its equitable powers to issue injunctive relief against proceedings in other courts when the bankruptcy court is satisfied that such a proceeding will either defeat or impair its jurisdiction with respect to a case pending before it.") The facts of the case at bar present an appropriate situation for such an injunction.

■ NAAT argues that its state court action should be permitted to continue because Mr. Kaufman is personally liable for the post-petition debts and because he is not the debtor and therefore should not benefit from the bankruptcy court's protection. However, the facts do not support NAAT's position. The post-petition debts which NAAT seeks to collect in the state court proceeding arose from Mr. Kaufman's actions as operating officer of the Debtor-in-possession. A debtor-in-possession has the rights, powers and duties of a trustee serving in a Chapter 11 case. 11 U.S.C. § 1107(a). Personal liability will be imposed on trustees or debtors-in-possession only if they deliberately breach their fiduciary duties or act outside their authority. *In re Chicago Pacific Corp.,* 773 F.2d 909, 915 (7th Cir.1985). Mr. Kaufman's refusal, based on the asserted set-off, to deposit lease payments with the clerk of the state court was an act within his capacity as operating officer of the Debtor-in-possession. He violated no state statute or court order in doing so. Mr. Kaufman therefore has no personal liability for debts he incurred on behalf of the Debtor-in-pos-

Order of Attachment until further order of court, all as in accordance with Section 4–126 of the Illinois Code of Civil Procedure;

(b) is directed to give NAAT's attorney not less than 14 days advance notice prior to Debtor exercising any option to purchase the attached property. (emphasis added).

session while he was acting within his authority.

Moreover, NAAT did not allege in its state court pleadings that Mr. Kaufman was personally liable for the lease payments or the real estate taxes. In *Chicago Pacific Corp.*, the court scrutinized the civil pleadings and found no indication that the trustee was sued in his personal capacity. 773 F.2d at 915. Applying this process to the case at bar reveals that Mr. Kaufman is not subject to personal liability in the state court action. NAAT's motion for rule to show cause against the Debtor alleges only that the state court's attachment order was violated. NAAT makes no specific allegations that Mr. Kaufman acted outside his authority as operating officer of the Debtor-in-possession or that the post-petition debt to NAAT arose through his defalcation as the person in control of the Debtor-in-possession. Consequently, even if the state court were to enter a money judgment in favor of NAAT, Mr. Kaufman would not be individually liable. Rather, a judgment would be entered against the Debtor for a debt that is an administrative expense of this case.

The motion for a rule to show cause why Mr. Kaufman and the Debtor should not be held in contempt of court is nothing more than an attempt to collect that debt—a debt for which Mr. Kaufman is not liable. The state court action is therefore intimately bound with the bankruptcy case. This is precisely the situation where an injunction should issue to prevent multiplicity of litigation, allow efficient liquidation of the estate and distribution of estate assets in accordance with Congressionally-established priorities, and prevent interference with the bankruptcy court's jurisdiction.

Furthermore, the reorganization process necessitates an atmosphere where a debtor-in-possession may operate unfettered by the dunning efforts of its creditors. That is the most basic purpose of the automatic stay. *See*, S.Rep. No. 95–989, 95th Cong., 2d Sess. 54–55, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5840–41 (1978). Although the automatic stay is not applicable here, the same policy considerations are.

Since a corporate debtor may only act through its agents, the same protection must be afforded to an operating officer of the debtor-in-possession acting in his official capacity. Otherwise a corporate debtor-in-possession could not function. Mr. Kaufman is entitled to the same protection since his failure to pay the rent and redeem the real estate taxes occurred during his tenure as operating officer of the Debtor-in-possession and since NAAT has not alleged that he is personally liable for those claims.

■ The Debtor's voluntary conversion of its case from a Chapter 11 reorganization to a Chapter 7 liquidation will not affect the Court's power to enjoin NAAT's state court action. Litigation in state courts involving key employees of the debtor will be enjoined under § 105(a) where the true object of the litigation is the debtor and its assets rather than the employees. The rationale of enjoining such state court proceedings is equally applicable under Chapter 7 and Chapter 11 of the Bankruptcy Code. "The court will have ample power to enjoin actions ... which might interfere in the rehabilitative process *whether in a liquidation or in a reorganization case.*" *In re Johns–Manville*, 26 B.R. at 425, quoting *Collier on Bankruptcy* ¶ 362.05 (15th ed. 1982) (emphasis added). If a court's power to enjoin intrusive proceedings does not vary depending on the chapter of Title 11 being utilized then the mere act of converting a case from one chapter of the Code to another will also not affect the court's power under section 105(a). A contrary result would subject debtor-in-possession officers to the risk of post-conversion claims and that risk would significantly hinder the reorganization process.

The potential for indemnity from the Debtor if judgment is entered against Mr. Kaufman in state court also supports an injunction. Under Ill.Rev.Stat. Ch. 32 ¶ 8.75, a corporation may indemnify its officer against expenses or judgments paid in connection with a suit against the officer who in good faith acted in the best interests of the corporation. Ill.Rev.Stat. Ch.

32 ¶ 8.75(a) (1984).[2] The potential for indemnity from the Debtor implicates the property of the estate in the state court action and suggests that the Debtor is the real party in interest. *See, Oberg v. Aetna Casualty and Surety Co.*, 828 F.2d 1023 (4th Cir.1987) *cert. denied* — U.S. —, 108 S.Ct. 1246, 99 L.Ed.2d 444 (1988); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986) *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).

Finally, it is significant that the debts to NAAT arose post-petition. Any judgment entered by the state court in favor of NAAT would therefore be entitled to priority status as an administrative claim. Contrary to NAAT's argument, the funds that NAAT seeks to attach are not held in trust for its benefit. The funds are property of the estate and any attempt to obtain a judgment in another forum as to the status of those funds is an affront to the bankruptcy court's jurisdiction. In this light, NAAT's motion to modify the stay is merely an attempt to collect an administrative expense claim. NAAT should not have priority over other administrative claimants.

NAAT properly cites *In re Brentano's, Inc.* for the proposition that "it is an extraordinary exercise of discretion to use [the power under § 105(a)] to stay a third party action *not involving the Debtor.*" 36 B.R. 90, 92 (S.D.N.Y.1984) (emphasis added). However, unlike *Brentano's, Inc.* which refused to stay a contract action not involving the Debtor, NAAT's state court action intimately involves the Debtor.

*In re Sentinel Energy Control Systems, Inc.*, 27 B.R. 795 (Bankr.D.Mass.1983) is more analogous to the case at bar. There, a state court contempt action against the non-debtor president of a chapter 11 debtor was enjoined by the bankruptcy court under section 105(a). The court applied the usual prerequisites for injunctive relief. First, the bankruptcy estate would have

suffered irreparable harm if the creditors were permitted to proceed because the contempt action was an attempt to circumvent the automatic stay. The contempt action was an attempt "to do indirectly that which [could not] be done directly." 27 B.R. at 800. Here, although the stay is not involved, NAAT is attempting to circumvent the priority and distribution provisions of the Bankruptcy Code. Second, the court found that the debtor's president had a strong likelihood of success on the merits of the contempt action because he acted in his capacity as chief operating officer of the debtor and within his authority as a fiduciary of the debtor. Finally, the court found that there was minimal harm to the other parties involved. 27 B.R. at 800–01. These factors are present here.

All the requirements for injunctive relief are present. NAAT is therefore enjoined from further proceedings in state court against the Debtor and Mr. Kaufman in his capacity as operating officer of the Debtor-in-possession.[3]

An Order will be entered accordingly.

---

**2.** Paragraph 8.75(h)(i) defines a "corporation" to include "the surviving corporation" which suggests that a debtor in possession or a chapter 7 estate may indemnify its fiduciaries. In addition, the rationale of *Chicago Pacific Corp. supra,* which imposes personal liability on a trustee only if she acted outside her authority suggests that any fiduciary who incurs a liability

while acting within her authority is entitled to indemnity from the debtor.

**3.** Of course, NAAT is free to file a request for payment of its claim as an administrative expense under 11 U.S.C. § 503(a) and (b) and litigate in this Court any setoff or defense the estate may have.