By the Court:
The defendant in error, William J. Fischer, brought suit against the plaintiff in error, John Pabst, in the court of common pleas, and the case was tried upon an agreed statement of facts.
Pabst leased from one Frank Bieker a saloon in Hamilton, Ohio, for a period of one year, beginning November 22, 1918. The lease contained the following covenant:
“That in the event the business of conducting a saloon for the sale of -intoxicating liquors or traffic in intoxicating liquors is by lawful authority prohibited in the City of Hamilton, during the term of this lease, either by virtue- of a' local, state or *303 national act or law, or the lessee is refused a license to traffic in and sell intoxicating liquors, or has a license which he has obtained, revoked, and the lessee is unable longer to sell and dispose of intoxicating liquors in said premises, this lease, at the option of the lessee, shall cease and terminate, at the time such prohibitive law takes effect or lessee ceases to have right to vend such liquors, the lessee is thereupon released from any and all liability for the payment of rent, or the performance of any of the covenants or conditions of this lease; in the event however, that the lessee, upon said traffic being prohibited, or he is refused a license, or has his said license revoked, as aforesaid, by lawful authority, desires to continue to occupy said premises, he shall give the lessor notice in writing, at least ten (10) days before said prohibitive law goes into effect or his right to vend liquors ceases.”
The sale of intoxicating liquors was prohibited in the state of Ohio by constitutional amendment, which became operative on May 27, 1919. The lessor had by that time assigned his interest in the reversion to one Charles Trostel. Pabst gave no notice to the lessor, nor to his successor in title, as provided in the lease, but he did continue to occupy the premises,, and in June paid one month’s rent to Trostel, and in July paid one month’s rent to the defendant in error, who was successor in title to Trostel. When he tendered the rent in August, Fischer refused to accept, and notified him that the rent was increased from $80 per month to $120 per month.
The trial court held that the lease had terminated and that the defendant was liable for the increased *304 rent for the remainder of the period. Judgment was awarded in favor of the plaintiff.
The contention of Fischer is that by virtue of the provisions of the lease, the lease terminated on May 27, 1919. To put the matter in another way, it is contended that the provision constitutes a limitation upon the estate conveyed. An examination of the authorities discloses that this argument is based upon a failure to distinguish between a condition and a limitation. See 2 Tiffany on Landlord and Tenant, Section 194c. The language of the deed will bear no construction more favorable to the lessor than would warrant the court in holding it to create a condition subsequent, on a breach of which by the tenant his estate may be terminated by the landlord. There are no words providing for the termination of the estate except at the option of the lessee, and if the failure of'the tenant authorized the landlord to take action that would result in the termination of the estate the facts show that the right of the landlord was lost. If the landlord had a right to declare a forfeiture of the tenant’s lease, the acceptance of rent in June and July amounted to an unequivocal recognition of the continued existence of the tenancy. This constitutes a waiver of the right of forfeiture. (2 Tiffany on Landlord and Tenant, Section 194i, [b], and cases therein cited.) The tenant was therefore authorized to continue to occupy the premises during the period of the lease for the rent therein stipulated.

Judgment reversed.

Shopil, P. J., Hamilton and Cushing, JJ., poncur.