**In re JOLIET–WILL COUNTY COMMUNITY ACTION AGENCY, Debtor.**

**Appeal of ILLINOIS DEPARTMENT OF COMMERCE & COMMUNITY AFFAIRS; Illinois Department of Public Health; Illinois State Board of Education; and Action, Inc.**

No. 86 C 3224.

United States District Court, N.D. Illinois, E.D.

July 17, 1987.

Rosalyn B. Kaplan, Mary S. Rigdon, Asst. U.S. Atty., Forrest Miles, Chicago, Ill., Norman Newman, Lord, Bissell & Brook, Chicago, Ill., for plaintiffs.

Wallace, Feehan & Baron, Joliet, Ill., Deborah K. Ebner, Cooper & Cooper, Chicago, Ill., Christopher Bohlen, Kankakee, Ill., Ed Masters, Joliet, Ill., for defendants.

Lawrence M. Cooper, Thomas M. Cannon, Chicago, Ill., for Deborah K. Ebner trustee-in-bankruptcy.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This matter is before the court on appeal from the bankruptcy court's April 3, 1986 denial of a motion to compel abandonment of certain property held by the Trustee of the estate of Joliet-Will County Community Action Agency ("Joliet-Will"), 58 B.R. 973. For the reasons which follow, the order of the bankruptcy court is affirmed.

Joliet-Will was a non-profit community service organization created to alleviate poverty in the Joliet-Will County area, and funded exclusively by grants. Among the agencies granting funds to Joliet-Will were the Illinois Department of Commerce and Community Affairs ("DCCA"), the Illinois Department of Public Health ("DPH"), the Illinois State Board of Education ("ISBE") (collectively referred to as "state appellants"), and ACTION ("federal appellant"). The other state and federal agencies who awarded grants to Joliet-Will have chosen not to participate in this proceeding. The grantor agencies were essentially the sole source of funds for all of Joliet-Will's operations. All of the grant funds were awarded pursuant to grant documents which outlined specifically how the funds were to be utilized. Joliet-Will did not complete any of the project purposes described in the grant documents, and the Trustee did not seek authority to continue operation of Joliet-Will's business with the use of the unexpended grant funds or the grant property.

On October 22, 1984, Joliet-Will filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The state and federal appellants timely filed claims in Joliet-Will's bankruptcy proceeding, and they all claimed equitable liens in the unexpended grant funds. DCCA also claimed an equitable right to the grant property. The claims exceeded the aggregate value of the grant funds and grant property.

When the Trustee submitted an application to the bankruptcy court for authorization to sell the grant property, the state and federal appellants filed a joint motion to compel the Trustee to abandon the grant property as burdensome and of no benefit to the estate. In an order dated April 3, 1986, the bankruptcy court held that the federal and state appellants possess equitable liens in the grant funds and in the grant property to the extent that grant funds were used in the purchase thereof, and to the extent the specific grant documents had not vested title in Joliet-Will to carry out the provisions of the grant. However, the court held that any equitable lien in favor of the federal and state appellants was subordinate to the rights of a perfected lien creditor such as the trustee in bankruptcy under section 544(a) of the Bankruptcy Code. The bankruptcy court further found that the funds, having become property of the bankruptcy estate, had been paid out for the purposes for which they had been appropriated, thereby distinguishing the Trustee in bankruptcy from an ordinary pre-petition creditor. The court also allowed the Trustee to use a portion of the grant funds to pay attorneys' fees as a priority administrative expense under section 507(a)(1).

Although this court agrees with the final holding of the bankruptcy court, it is for different reasons. Federal and state Appellants have filed separate briefs with slightly different arguments. The court will deal with them separately only on the issues in which their contentions differ.

■ A threshold issue in this litigation can be disposed of summarily. Federal appellant contends that federal funds and other federal property in possession of Joliet-Will at the time it became insolvent are not "property of the estate" within the meaning of section 541 of the Bankruptcy Code, since Joliet-Will was a mere disburser of funds and had no power to make independent decisions with respect to the funds and property. Essentially, federal

appellant is maintaining that Joliet-Will was merely a trustee of the federal funds and property.

Section 541 provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a)(1). Such a determination as to what constitutes a legal or equitable interest of the debtor is broadly construed. See, e.g., *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Consistent with this liberal interpretation, the court finds that the interests in question here are property of the estate within section 541(a)(1) of the Bankruptcy Code. Nor does the court find any evidence of a trust relationship existing between federal appellants and Joliet-Will which would serve to exclude grant funds and property from the estate.

This court differs with the reasoning found in the bankruptcy court's opinion in two ways. First, the bankruptcy court does not address the interests of the pre-petition creditors who provided necessary goods and services to Joliet-Will. Second, the bankruptcy court found liens to exist in both the federal and state appellants and in Joliet-Will when it was not necessary to consider such an issue.

▇ The bankruptcy court and the parties involved in this litigation have failed to recognize the interests of the pre-petition creditors of Joliet-Will. None of the parties have alleged that the creditors did not provide goods and services necessary to the functioning of Joliet-Will. As legitimate creditors whose provision of goods and services was necessary to the administering of community programs, the payment to such creditors is consistent with grant purposes.

In addition, none of the parties or the bankruptcy court has addressed the injustice in allowing liens in favor of state and federal grantors to override the interests of pre-petition creditors who were not on notice that their rights in the estate of the bankrupt might be subordinated to non-creditors. Although the court does not base its decision on this issue, the court does note that if creditors unwittingly have

their rights to recover subordinated to the rights of government grantor agencies, potential creditors may be unwilling to deal with community service agencies funded by government grants. The government agencies have recourse against community service agencies which do not comply with the grant requirements in a variety of ways, whereas creditors would have no way to protect themselves from liens in favor of the government grantor agencies.

The second error in the bankruptcy court's reasoning is its finding that the state and federal appellants had liens in grant money and property. According to *Palmiter v. Action, Inc.*, the controlling Seventh Circuit opinion on this issue, only grant funds which can no longer be used for authorized grant purposes are subject to equitable reversionary liens. 733 F.2d 1244, 1247, 1250 (7th Cir.1984) The bankruptcy court held, and this court now holds, that the payment of money to creditors is consistent with grant purposes. Therefore, the bankruptcy court need never have addressed the issue of whether any equitable liens in favor of the state and federal appellants exist. The question of whether the federal and state appellants may have had liens if the funds could no longer have been used for grant purposes need not be resolved in the scope of the present litigation.

Federal and state appellants contend that the bankruptcy court improperly held that the Trustee could sell the grant property in the possession of Joliet-Will. Grant property is often necessary in administering programs pursuant to a government grant. Property used in such a way and purchased with grant funds merely represents the grant money translated into grant property. As such the Trustee must dispose of the property, or its proceeds, in the same manner as the grant funds.

▇ Finally, federal and state appellants argue that the Trustee's legal expenses and fees are not grant purposes and therefore may not be paid out of the grant funds or proceeds of the grant property. The Trustee's services and the resulting costs are, in these circumstances, inextricably in-

tertwined with the fulfillment of grant purposes which this court has ordered. Accordingly the Trustee's legal expenses and fees may be paid out of grant funds.

The remaining arguments of federal and state appellants are mooted in light of this court's holding. For this reason, the court need not consider the arguments dealing with the avoidance of liens and the priority of liens which assume that equitable liens in the grant funds and property exist.

For the reasons stated, the April 3, 1986 order of the bankruptcy court is affirmed.