**In re Glenn R. TETIRICK, Linda M. Tetirick, Debtors.**

**Bankruptcy No. 2–87–01472.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Feb. 17, 1988.

**506**

Frank M. Pees, Worthington, Ohio, trustee.

Robert H. Farber, Jr., Columbus, Ohio, for debtors.

Tim L. Collins, Cleveland, Ohio, for Lease Line Ltd., Inc.

### OPINION AND ORDER ON MOTION OF LEASE LINE LTD., INC. TO CERTIFY TO THE SIXTH CIRCUIT COURT OF APPEALS

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court pursuant to Lease Line Ltd., Inc.'s motion to certify the judgment issued in this case on November 12, 1987 to the Court of Appeals for the Sixth Circuit. The debtor filed his memorandum in opposition to Lease Line's motion on November 30, 1987.

Lease Line's motion is brought pursuant to 28 U.S.C. § 1292(b), which states:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Lease Line is requesting that this Bankruptcy Court certify the judgment it entered November 30, 1987 to the Sixth Circuit Court of Appeals on the basis that there is an apparent conflict as to the law that is applicable to the issue decided by this Court. That issue is whether a Bankruptcy Court has jurisdiction over the lease agreement between Lease Line and the debtor.

In its decision of November 12, 1987, the Bankruptcy Court found that it had jurisdiction under 11 U.S.C. § 363, and then found that the lease was not a "true lease" but a disguised sale with a retained security interest to secure Lease Line by virtue of its holding title to the vehicle. Ohio Rev.Code § 1301.01(KK). This Court, in finding that it had jurisdiction, also denied Lease Line's motion for relief from stay on the basis that it had not established a *prima facie* case.

The Court notes that the record indicates that the uncontroverted testimony of the debtor Linda Tetirick was that a payment of $779.00 was sent to Lease Line on March 17, 1987, and a second payment of $500.00 was sent to it on April 9, 1987. The Court also notes that Mrs. Tetirick testified that a third payment of $800.00 was sent to Lease Line on May 9, 1987, after the lease supposedly terminated. Lease Line did not dispute the fact that these payments were made by the debtors.

■ An established principle of law is that where a party to a contract has defaulted and is in breach, and the nondefaulting party, with knowledge of the breach, accepts payments in the performance of the contract, his acceptance of those payments will constitute a waiver of that breach. *Pabst v. Fischer,* 13 Ohio App. 302 (Butler Cty.1920); *Einot, Inc. v. Einot Sales Co.,* 154 Neb. 760, 49 N.W.2d 625 (1951), affd. on reh. 155 Neb. 323, 51 N.W.2d 791 (1952); *Kinney v. Pocock,* 8 Ohio N.P. (n.s.) 121 (1908); *Hubbard v. Norton,* 28 Ohio St. 116 (1875). It was obvious to this Court, from the evidence submitted by testimony at the June 11, 1987 hearing, although not specifically stated in its decision of November 12, 1987, that Lease Line, by accepting payments during and after the 15–day notice period, waived the breach and revived the lease.

■ Moreover, the Court notes that the debtors retained possession of the vehicle at the time their petition was filed. Under 11 U.S.C. § 541(a)(1), the commencement of a bankruptcy case creates an estate comprised of all legal or equitable interests of the debtor in property. The term "legal or equitable interests" is broadly construed. *In re Joliet–Will Community Action Agency,* 78 B.R. 184 (D.C.N.D.Ill.1987), *citing United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). As held by the court in the case of *In re 48th Street Steakhouse, Inc.,* 61 B.R. 182, 187 (Bankr.S.D.N.Y.1986):

> The estate is not confined to property owned by the debtor, for a leasehold or a mere possessory interest falls within section 541.

*See, also, Carls v. Bonanza International Development Company (In re Allan Steaks Corp.),* 22 B.R. 881, 882 (Bankr.D. Mass.1982), *citing* H.Rep. No. 95–595, 95th Cong. 1st Sess. 367 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 82 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. In the instant case, this Court's order of November 12, 1987 held that the lease was not terminated prior to the filing of bankruptcy by the debtors, and as the debtors possessed the property at that time, their leasehold is property of the estate.

An appeal pursuant to 28 U.S.C. § 1292(b) is to be permitted only where three requirements are satisfied. First, a controlling question of law must be involved. Second, the question must be one in which there is a substantial ground for difference of opinion. Third, it must be shown that an immediate appeal would materially advance the ultimate termination of the litigation. *In re Manville Forest Products Corp.,* 47 B.R. 955 (D.C.S.D.N.Y.1985). Furthermore, it must be established that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978).

The enactment of the Bankruptcy Amendments and Federal Judgeship Act in 1984 ("BAFJA"), P.L. 98–353 conferred jurisdiction of this Court on all matters "arising in or related to cases under title 11." 28 U.S.C. § 1334(b). One area in which this Court has jurisdiction by virtue of BAFJA is over cases involving motions for relief from the automatic stay. 28 U.S.C. § 157(b)(2)(G). Accordingly, a controlling question of law is not involved, and neither does there exist "a substantial ground for difference of opinion" in this matter. *Cahill v. IU North America, Inc. (In re Codesco),* 30 B.R. 472, 473 (D.C.N.Y.1983).

Also, the Court is not convinced that immediate appeal would materially advance the ultimate termination of litigation. *Id.* There is no reason to suppose that this matter would be disposed of more expeditiously on appeal than by another procedure available to Lease Line under the Bankruptcy Code. *Id.* at 474. Indeed, given the alternatives available to Lease Line for relief under the Code, an appeal would not materially advance the termination of this issue, but would in fact delay it. *Champion Intern. Corp. v. All American of Ashburn,* 45 B.R. 840 (D.C.N.D.Ga. 1984). The alternative avenues for relief available to Lease Line under the Code also compel this Court to conclude that excep-

tional circumstances do not exist to justify certification of this matter to the Court of Appeals.

Based on the foregoing, the motion of Lease Line to certify the order entered November 12, 1987 to the Court of Appeals for the Sixth Circuit is DENIED.

IT IS SO ORDERED.